**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sherron K. BALLARD, Defendant–
Appellant.**

**No. 93–3107.**

United States Court of Appeals,
Tenth Circuit.

Feb. 24, 1994.

---

Michael Jackson, Topeka, Kansas, for Defendant/Appellant.

Richard Hathaway of the U.S. Attorney's Office, Topeka, Kansas (Randall K. Rathbun and Gregory C. Hough, with him on the brief), for Plaintiff/Appellee.

Before BALDOCK, EBEL, Circuit Judges and CARRIGAN *, District Judge.

EBEL, Circuit Judge.

Pursuant to a plea agreement, Appellant–Sherron Ballard pled guilty to possession of 20 kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).[1] Appellant was arrested with her mother and sister while driving a van containing 20 kilograms of cocaine enroute from California to Missouri. She now appeals her sentence because the district court imposed a 2 point enhancement for obstruction of justice, declined to reduce her offense level for minimal or minor participation in the crime, and imposed a $15,000 fine. We affirm.

*Obstruction of Justice*

The district court enhanced Appellant's offense level by two points for obstruction of justice for giving false and incomplete information regarding her financial situation and assets. Appellant challenges the district court's decision on several grounds. First, Appellant asserts that the court failed to make the requisite findings of fact regarding her alleged obstruction under *United States v. Dunnigan*, — U.S. ——, 113 S.Ct. 1111, 1117, 122 L.Ed.2d 445 (1993), and Fed. R.Crim.P. 32(c)(3)(D).[2]

---

* Honorable Jim R. Carrigan, District Court Judge, United States District for the District of Colorado, sitting by designation.

1. Appellant was also indicted of conspiracy to distribute cocaine under 21 U.S.C. § 846. The government dismissed this charge without prejudice.

2. Fed.R.Crim. 32(c)(3)(D) provides:

The sentencing judge adopted the findings of the U.S. Probation Office outlined in six specifically identified paragraphs of the presentence report. These six paragraphs set out Appellant's misrepresentations and omissions regarding real property in which she had an ownership interest, two cashier's checks totalling $10,900 that she purchased the month before her arrest, and her possible ownership of a Mercedes 560SL automobile. The presentence report is replete with information about the Appellant's failure to provide complete and accurate financial information in a timely manner. The sentencing judge's adoption of specific paragraphs of the presentence report provided the Appellant and this court with a clear understanding of the information upon which the district court relied when it determined defendant's sentence.

■ Second, Appellant argues that her acts were not sufficient to warrant the enhancement because her falsehoods and omissions were not material in that they were not related to and did not impede the government's investigation of the offense conduct. However, Appellant fails to note that U.S.S.G. § 3C1.1 allows the court to enhance a defendant's sentence:

> If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense . . .

The Commentary to this section gives examples of the types of actions that warrant an enhanced sentence. Applicable to this case are § 3C1.1, Application Note 3(f), "providing materially false information to a judge or magistrate," and § 3C1.1, Application Note 3(h), "providing materially false information to a probation officer in respect to a presen-

tence or other investigation for the court." " 'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, Application Note 5. Moreover, U.S.S.G. § 5E1.2, Application Note 6, states that "[i]f the court concludes that the defendant willfully misrepresented all or part of his income or assets, it may increase the offense level and resulting sentence in accordance with Chapter Three, Part C (Obstruction)." The sentencing judge adopted findings that would support either of these reasons for the obstruction of justice enhancement.

The sentencing judge adopted the factual findings of the probation office outlined in paragraphs 103 through 108 and concurred that a two level increase for obstruction of justice was warranted. Paragraphs 103–108 outline Appellant's misrepresentations and omissions regarding her assets. There are also references to Magistrate Judge Newman's findings that Appellant concealed information from Pretrial Services and that Appellant did not provide the probation officer preparing the presentence report with information about the properties in which she had an ownership interest.

■ Paragraph 108 states that Appellant's misleading information "makes it impossible to reasonably determine whether [Appellant] is able to pay a fine within the established guideline range. Therefore, [Appellant] has willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense. . . ." The court was within its discretion to impose the obstruction of justice enhancement.[3]

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report of part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany

any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

3. Appellant also complains that the government agreed not to seek an obstruction of justice enhancement. However, at the time the plea agreement was entered into, the government did not know the extent to which Appellant had misled Pretrial Services and the probation department. Moreover, at the sentencing hearing the prosecutor acknowledged that his office

*$15,000 Fine*

Appellant also challenges the propriety of imposing a $15,000 fine, which she argues she is unable to pay. Appellant did not object to the court's imposition of the fine at the time of or prior to sentencing. Appellant did request that the court consider the information she presented at the sentencing hearing with respect to her ownership of various properties that had been or were about to be in foreclosure. R.Vol. IV, p. 6. However, after the judge outlined what his sentence was going to be, he asked Appellant for any objections and received none.

■ We normally review the court's decision to impose a fine under an abuse of discretion standard, *United States v. Doyan,* 909 F.2d 412, 414 (10th Cir.1990); however, Appellant's failure to object to the fine at or before sentencing requires us to accept the district court's decision unless it is plain error. *United States v. Lowder,* 5 F.3d 467, 472 (10th Cir.1993). "Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for 'particularly egregious' or 'obvious and substantial' legal error, which our failure to consider would result in a 'miscarriage of justice.'" *Id.* (citations omitted). The Sentencing Guidelines allow the court to impose a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Additionally, Application Note 6 to § 5E1.2 states that the court may impose a larger fine if it concludes that the defendant failed to disclose income or assets.

■ Appellant has the burden to prove her inability to pay the fine. U.S.S.G. § 5E1.2(a); *United States v. Washington–Williams,* 945 F.2d 325, 327 (10th Cir.1991);

*United States v. Ruth,* 946 F.2d 110, 114 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1189, 117 L.Ed.2d 431 (1992). Appellant recites the foreclosures of her properties and her limited earning potential when she leaves prison as evidence that she is unable to pay the $15,000 fine. However, Appellant presented no evidence that she made any effort to sell the properties before foreclosure so that the equity could be preserved. Of the properties that were sold, Appellant's ownership interests were not disclosed to the court until after the sales were completed. Additionally, Appellant presented no evidence of the whereabouts of the money from the cashier's checks totalling $10,900 that she purchased not long before her arrest. Finally, one of the properties Appellant still owned at the time of sentencing was not in foreclosure and had approximately $7500 equity in it. Appellant did not meet her burden of proof that she could not afford a $15,000 fine and we find no plain error in the court's assessment of this fine.[4]

*Minor or Minimal Participant*

■ We review whether the court erred when it refused to determine that Appellant was a minor or minimal participant under the clearly erroneous standard because it is a finding of fact. *United States v. Arrendondo–Santos,* 911 F.2d 424, 425 (10th Cir.1990). We also give due deference to the court's application of the Guidelines. *Id.* Appellant has the burden to prove by a preponderance of the evidence that she was a minor or minimal participant in the criminal activity. *United States v. Carter,* 971 F.2d 597, 599 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 628, 121 L.Ed.2d 560 (1992).

The Sentencing Guidelines provide for up to a four point decrease in offense level for

agreed not to seek an enhancement and he therefore did not ask for the enhancement. He merely stated that "factually we concur in the findings of the probation department as to what occurred in this matter." R. Vol. IV, p. 8.

4. Appellant also argues that she has been doubly punished because she received an obstruction of justice offense level enhancement and a fine. This argument has no merit. Absent the two point enhancement for obstruction of justice, Appellant's offense level would have been 31. The

Guidelines provide for a fine range of $15,000 to a statutory maximum of $4,000,000 for an offense level of 31. An offense level of 33, which includes the 2 point enhancement for obstruction of justice, provides for a minimum fine of $17,500. In any event, Appellant has failed to establish any valid double jeopardy issue, because her fine was not a result of her obstruction of justice and she did not receive a higher fine because of the obstruction.

minor or minimal participants in criminal activity. U.S.S.G. § 3B1.2. The Commentary explains that a minor participant is one who is less culpable than most other participants, but whose role was not minimal. U.S.S.G. § 3B1.2 Application Note 3. A minimal participant is one who is plainly among the least culpable of those involved in the group conduct and that "[i]t is intended that the downward adjustment for a minimal participant will be used infrequently." U.S.S.G. § 3B1.2 Application Note 2.

█ The evidence that Appellant presented to support her claim that she was a minor or minimal participant consisted of her own assertions that she was merely the driver of the van and that she was not the owner of the van or of the cocaine. Appellant's assertion that she was a minor or minimal participant is not enough to overcome the clearly erroneous standard. The court could simply choose not to believe her.

Moreover, this court has refused to adopt a per se rule that couriers are minor or minimal participants. *Arrendondo–Santos*, 911 F.2d at 426; *Carter*, 971 F.2d at 600 (rejecting the defendant's bid for a downward adjustment as a minor or minimal participant, because "[a] courier is an essential cog in any drug distribution scheme . . ."). The *Carter*

court also noted that "Carter's services as a courier were as indispensable to the completion of the criminal activity as those of the seller . . . and the buyer . . ., and we agree that to debate which one is less culpable than the others 'is not productive.' It is akin to the old argument over which leg of a three-legged stool is the most important leg." *Id.* at 600 (quoting *Arrendondo–Santos*, 911 F.2d at 426).

█ Although Appellant may dispute her status as a courier, a similar argument can be made with her role as a driver, especially because she transported drugs from California to Missouri. The court's decision not to grant Appellant minor or minimal participant status was not clearly erroneous.[5]

AFFIRMED.

---

5. The presentence report included the substance of the testimony of a Mr. Taylor, who the government asserts would have testified at trial. Mr. Taylor would have testified that Appellant was involved with her mother in an ongoing cocaine trafficking business. Appellant objected to this testimony because the evidence was not independently corroborated. *See* Plea Agreement, R. Doc. 77. Appellant relies on *United States v. Ortiz*, 993 F.2d 204, 207 (10th Cir.1993) for the proposition that out-of-court statements must have sufficient corroboration by other means before they can be used at sentencing. Appellant fails to note, however, that the commentary upon which *Ortiz* relies refers to out-of-court statements by *unidentified informants*. Mr. Taylor was an *identified* informant.

The Guidelines allow the court to consider any information "so long as it has 'sufficient indicia of reliability to support its probable accuracy.' " U.S.S.G. § 6A1.3, comment (quoting *United States v. Marshall*, 519 F.Supp. 751 (E.D.Wis. 1981), *aff'd* 719 F.2d 887 (7th Cir.1982)). The commentary also states that the preponderance of the evidence standard is appropriate. The Tenth Circuit has upheld the use of out-of-court statements when there are sufficient indicia of

reliability so that defendant's due process right not to be sentenced on the basis of "misinformation of a constitutional magnitude" is not violated. *United States v. Beaulieu*, 893 F.2d 1177, 1181 (10th Cir.) (citations omitted), *cert. denied*, 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

As a buyer, Taylor was in a position to have first-hand knowledge about his seller. It is extremely unlikely that Taylor's statements were founded on faulty recollections. Taylor's statements tended to incriminate him so they could be said to be against his penal interest. Finally, Taylor's statements were not necessary to the government's case. Thus, there are sufficient indicia of reliability to conclude that the court did not err when it considered Taylor's statements at the sentencing phase. *See United States v. Gomez*, 810 F.2d 947, 954 (10th Cir.), *cert. denied*, 482 U.S. 908, 107 S.Ct. 2488, 96 L.Ed.2d 379 (1987).

Even if the court was clearly erroneous when it considered Mr. Taylor's statements, Appellant must still prove that she was a minor or minimal participant. The court could easily have found that she had not met her burden without considering Mr. Taylor's statements.