53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Larkin QUINN, JR., Defendant-Appellant.
 Nos. 94-3272, 94-3291.
 United States Court of Appeals, Tenth Circuit.
 April 27, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The defendant, John L. Quinn, Jr., entered pleas of guilty to charges contained in two separate indictments. One indictment involved a murder-for-hire scheme in violation of 18 U.S.C.1958 and aiding and abetting in violation of 18 U.S.C. 2, the other indictment concerned the unlawful distribution of Valium contrary to 21 U.S.C. 841(a)(1) and use of a communication facility in violation of 21 U.S.C. 843(b). The cases were consolidated for purposes of sentencing. Mr. Quinn was sentenced to a term of imprisonment of 135 months followed by a three year term of supervised release, and fined $17,500. Mr. Quinn brings this appeal questioning the amount of the fine imposed and the special condition of his supervised release potentially requiring he undergo drug treatment. We affirm.
 
 
 3
 Mr. Quinn first argues the district court erred in imposing the $17,500 fine because it failed "to consider any evidence presented as to a defendant's ability to pay the fine in light of that defendant's earning capacity and financial resources." As no objection was made to the imposition of this fine at sentencing, we review the district court's decision for plain error. See United States v. Lowder, 5 F.3d 467, 472 (10th Cir.1993).
 
 
 4
 At the sentencing hearing, Mr. Quinn objected to the presentence report's conclusion he had withheld information about his finances. Mr. Quinn asserts "[t]he District Court foreclosed Quinn from clarifying or substantiating his bleak financial situation, expressly dismissing his objection to the Presentence Report's conclusions regarding his financial condition as a moot' non-factor." In response to Mr. Quinn's objection, the district court stated: "Well, the Court is not premising any part of the sentence on failure to provide information so that objection I suppose is moot."
 
 
 5
 It is clear to us the district court did not "foreclose" Mr. Quinn from presenting evidence about his financial status or history. On the contrary, the court simply stated that the failure to disclose information would not be used as a factor in sentencing. If Mr. Quinn sought to question the presentence report on the grounds his financial history was "bleak"--adding information not contained in the presentence report and not before the district court--it was incumbent upon him to clarify his objection and offer this information to the sentencing court. The Sentencing Guidelines allow the court to impose a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." USSG 5E1.2(a). It is the defendant's burden to prove his inability to pay the fine. USSG 5E1.2(a); United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.), cert. denied, 114 S.Ct. 2762 (1994). Mr. Quinn failed to carry his burden of proving his inability to pay the fine imposed. This failure of proof was not the result of the district court's prohibition on offering such evidence, but rather was the result of Mr. Quinn's failure to tender it. Accordingly, it was not plain error was committed in imposing the fine.
 
 
 6
 Next, Mr. Quinn argues, based on an apparent misconception of law, that the district court erred in imposing drug treatment as a possible condition of his supervised release.[2] As no objection was raised to this condition of supervised release, our review is for plain error. See, e.g., Ballard, 16 F.3d at 1114, Lowder, 5 F.3d at 472.
 
 
 7
 Mr. Quinn was sentenced, in part, for the illegal distribution of Valium. As a special condition of supervised release, he was ordered to participate "in a substance abuse program ... at the direction and discretion of the [United States] Probation Office."
 
 
 8
 District courts enjoy broad discretion in imposing conditions of supervised release. 18 U.S.C. 3583(d). The conditions of probation or supervised release imposed must be reasonably related to protecting the public and rehabilitating the defendant. United States v. Jordan, 890 F.2d 247, 255 (10th Cir.1989). We have little doubt that ordering substance abuse counseling for a distributor of illicit drugs is reasonable. Even if Mr. Quinn is not a drug user, as he maintains, it is reasonable to assume he might still benefit from receiving education bearing on the impact of drug use and its distribution. Accordingly, we conclude the district court did not err in imposing this special condition of supervised release.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 On the one hand, counsel for Mr. Quinn represents this issue is being raised in accordance with the provisions of Anders v. California, 386 U.S. 738 (1967). On the other hand, he concludes the district court committed plain error by imposing this condition of supervised release. A defendant has the right to a direct appeal. When he wishes to exercise that right but his counsel concludes there is no arguably valid basis to challenge a conviction and/or sentence, counsel may file a brief pursuant to Anders. An Anders brief, then, constitutes counsel's reasoned judgment that no error even arguably was committed by the district court and no meritorious issues exist for appellate review. Thus, it makes no sense to submit an issue in accordance with Anders while at the same time concluding the district court's resolution of that issue constitutes plain error