61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff - Appellee,
v.
Eli Baldemar RUIZ, Defendant - Appellant.
 No. 94-2035.
 United States Court of Appeals, Tenth Circuit.
 July 18, 1995.
 
 1
 Before Tacha and Holloway, Circuit Judges, and Ellison,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ELLISON, Senior District Judge.
 
 
 4
 A jury convicted defendant Eli Baldemar Ruiz of possessing with intent to distribute less than 50 kilograms of marijuana. He appeals that conviction. We have jurisdiction pursuant to 28 U.S.C. Sec.1291, and affirm.
 
 Facts
 
 5
 Mr. Ruiz pulled into the border patrol checkpoint near Orogrande, New Mexico, on Highway 54 at approximately 8:10 p.m. on April 12, 1993. After briefly questioning Mr. Ruiz, Eligio Pena, a Senior Border Patrol Agent, asked if he could look into the rear window on the driver's side of Ruiz' Suburban to determine if there were other occupants in the vehicle. Mr. Ruiz told him that the rear window would not function, and granted permission for Pena to open the door and look inside. When agent Pena opened the door, he detected the odor of unburnt marijuana. Agent Pena then asked for and received permission from Mr. Ruiz to conduct a canine inspection. The dog alerted to the back of the vehicle, and approximately 129 pounds of marijuana were discovered in a compartment underneath the third seat. The dog did not alert to the vehicle on the rear driver's side where agent Pena smelled marijuana.
 
 
 6
 Mr. Ruiz's defense at trial was that he did not know of the presence of the marijuana in his Suburban, and that he was set up by his employer, Hector Ramirez, and his employer's friend, Mario Sanchez, who sold him the Suburban. He testified that he had been saving to buy a Jeep so he could go to California to visit his mother. Mr. Ramirez referred him to Mr. Sanchez's car lot, telling him he could get a good deal on a Jeep there. Mr. Sanchez did not have any Jeeps, but sold him a Suburban worth $5,000 or $6,000 for $3,200.
 
 
 7
 Mr. Ruiz filed a motion to suppress the evidence of the marijuana, which was denied. He also attempted to stage a demonstration to show that it was impossible for agent Pena to have smelled marijuana in the location that he claims, and the judge denied this request on the basis that it was not feasible to reconstruct the compartment in which the marijuana was stored and the conditions under which it was detected. Additionally, his request for disclosure of a training videotape using his vehicle was denied.
 
 
 8
 At trial, Mr. Ruiz attempted to challenge for cause a juror who was married to a border patrol agent and the challenge was denied. He argued that the evidence of the value of the marijuana was irrelevant and prejudicial, and his motion in limine was denied. His submitted instruction on flight, to support his defense that the real perpetrators were Mr. Ramirez and Mr. Sanchez, who had disappeared since his arrest, was rejected. Further, his Motion for Judgment of Acquittal based on lack of knowledge was denied, and at sentencing, he was denied a two-point reduction for being a minor participant. We will examine Mr. Ruiz's alleged errors in the order that they occurred.
 
 I. Motion to Suppress
 
 9
 Mr. Ruiz argues that his motion to suppress was improperly denied because there were no "suspicious circumstances" to justify his detention and the canine search. In reviewing this ruling, the trial Court's findings of fact must be accepted unless they are clearly erroneous. United States v. McSwain, 29 F.3d 558, 560 (10th Cir. 1994). The ultimate determination of reasonableness, however, is a conclusion of law to be reviewed de novo. Id. at 561.
 
 
 10
 A two-pronged inquiry is employed to determine the reasonableness of a seizure: " whether the officer's action was justified at its inception, and whether [the action] was reasonably related in scope to the circumstances which justified the interference in the first place." Id. (citing United States v. Dewitt, 946 F.2d 1497, 1501 (10th Cir. 1991)). Mr. Ruiz' argument is that the reasonable suspicion, i.e. agent Pena's smell of unburnt marijuana was "manufactured" to justify an illegal search and seizure. He bases this on the fact that agent Pena did not mention the smell at the time he requested a canine search, and that his expert testified at trial that the dog should have alerted to the car before it did if agent Pena actually smelled unburnt marijuana where he claimed to. However, the trial court found that suspicious circumstances existed, and specifically found that agent Pena smelled unburnt marijuana. We do not find these conclusions of fact to be clearly erroneous.
 
 II. Reconstruction of the Search
 
 11
 Mr. Ruiz argues that the judge erred in not allowing him to recreate the search and demonstrate the impossibility of agent Pena smelling unburnt marijuana under the circumstances he claims. "[A] trial court's decision to admit or exclude [demonstrative] evidence will be reversed only if the court abused its discretion." United States v. Wanoskia, 800 F.2d 235, 238 (10th Cir. 1986). This court has recently held that a refusal to allow a marijuana smell test experiment is not an abuse of discretion when the conditions surrounding the stop would have been "virtually impossible" to reconstruct. See United States v. Greenspan, 26 F.3d 1001, 1008 (10th Cir. 1994). Similarly, we find that the court did not abuse its discretion in denying the experiment based on a concern that the conditions surrounding the stop and the sealing of the compartment would have been impossible to reconstruct.
 
 III. Jencks Act Material
 
 12
 Mr. Ruiz also contends that the trial court erred in denying his request for disclosure of a videotape made for border patrol training using his vehicle. The Court finds that a training videotape does not constitute a statement related to the proceeding under the Jencks Act, 18 U.S.C. Sec.3500. Thus, there was no need for in camera inspection, and defendant was not entitled to the videotape. See 18 U.S.C. Sec.3500, United States v. Page, 808 F.2d 723, 730-31 (10th Cir. 1987).
 
 IV. Juror Challenge
 
 13
 Mr. Ruiz contends that the court erred in refusing to exclude the wife of a United States Border Patrol Agent as a juror. The trial court's decision on refusing a for-cause challenge is reviewed for abuse of discretion. United States v. McIntyre, 997 F.2d 687, 697 (10th Cir. 1993). Mr. Ruiz acknowledges that being the wife of a border patrol agent does not automatically disqualify a juror. See United States v. Grismore, 546 F.2d 844, 849 (10th Cir. 1976). He asserts, however, that the trial judge abused his discretion because he disqualified the same juror on the same day for the same reason in a different case.
 
 
 14
 Although the record on jury selection was not submitted, the record does indicate that the trial judge questioned the prospective juror on her ability to be impartial, and was satisfied with her responses. Under these circumstances, we do not find that the trial judge abused his discretion in failing to dismiss her for cause. See McIntyre, 997 F.2d at 698 (examination of potential juror supports a finding that the refusal to grant a for-cause dismissal was not an abuse of discretion).
 
 V. Value of the Marijuana
 
 15
 Mr. Ruiz claims that the trial court erred in denying his motion in limine on the street value of the marijuana. Evidentiary rulings will be not be reversed in the absence of an abuse of discretion. United States v. Patterson, 20 F.3d 809, 815 (10th Cir. 1994).
 
 
 16
 Mr. Ruiz claims that the evidence regarding the estimated value of the marijuana[1] was both irrelevant and prejudicial. However, the trial court reasoned that the value was relevant to support the inference that no one would put such a valuable load of marijuana in the vehicle and then abandon it. We find that the Court did not abuse its discretion in admitting this evidence. See United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir. 1989), Gaylor v. United States, 426 F.2d 233 (9th Cir. 1970) (evidence of value of cocaine properly admitted to refute the possibility that a stranger would have placed such a valuable cargo in a vehicle in the hope that the cocaine could later be recovered).
 
 VI. Jury Instruction on Flight
 
 17
 Mr. Ruiz also complains of the Court's refusal to give a jury instruction drawing an inference of guilt from the flight of Mr. Ramirez and Mr. Sanchez to support his defense that he was set up by them. Jury instructions must be reviewed de novo, considering all of the instructions, to determine whether the jury was misled or had an understanding of the issues and its duty to determine the issues. United States v. Joe, 8 F.3d 1488, 1500 (10th Cir. 1993).
 
 Ruiz requested the following instruction:
 
 18
 Evidence that a person immediately fled after having been accused of or implicated in committing a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt on the part of that individual.
 
 
 19
 In your evaluation of this evidence of flight you may consider that there may be reasons-fully consistent with innocence-that could cause a person to flee. Fear of law enforcement or a reluctance to become involved in an investigation may cause a person who had committed no crime to immediately flee.
 
 
 20
 Whether or not evidence of immediate flight on the part of the individual causes the jury to find a consciousness of guilt on his part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.
 
 
 21
 He asserts that the evidence shows that Mr. Ramirez and Mr. Sanchez fled Juarez shortly after he was arrested, which supports his theory that they set him up and that he did not know about the marijuana in the Suburban. He argues that he is entitled to the instruction on flight because he is entitled to an instruction on any defense that is supported by the law and the facts in evidence. United States v. Martinez, 979 F.2d 1424, 1432 (10th Cir. 1992).
 
 
 22
 Mr. Ruiz's theory of the case is that he did not know of the marijuana in the Suburban. A review of the instructions as a whole reveals that the jury was instructed that, in order to find Ruiz guilty he must have "knowingly and intentionally possessed marijuana". The jury was further instructed that possession requires knowledge, that "knowingly" means voluntarily and intentionally, and that specific intent requires knowledge. We find that the jury was adequately instructed as to the theory of Ruiz's case and was not misled by the instructions. We further note that Mr. Ruiz was allowed to introduce evidence regarding the flight of Mr. Sanchez and Mr. Ramirez, and further was allowed to argue that this evidence supported his defense of lack of knowledge. We find no reversible error here.
 
 VII. Sufficiency of Evidence
 
 23
 Mr. Ruiz moved for a judgment of acquittal at the close of the government's case, arguing that the evidence was insufficient to support a finding that he knowingly possessed marijuana with the intent to distribute it. In reviewing the denial of a motion for judgment of acquittal, the court views all evidence and draws inferences in the light most favorable to the prosecution. United States v. DeLuna, 10 F.3d 1529 (10th Cir. 1993). A motion for judgment of acquittal is properly denied if any rational juror could have found the elements of the crime beyond a reasonable doubt. Id.
 
 
 24
 Mr. Ruiz argues that a judgment of acquittal was appropriate because the government had failed to prove the element of knowledge. In reviewing all evidence, we find that the evidence does support the jury's finding that Mr. Ruiz knew that he was transporting marijuana. The odor of the marijuana in the vehicle, the value of the marijuana, the fact that Mr. Ruiz was the owner and driver of the vehicle, that he had recently had the vehicle painted, and that he was a trained welder all support the conclusion of the jury.
 
 VIII. Sentencing
 
 25
 Mr. Ruiz claims that the court erred in denying him a two point reduction as a minor participant. A trial court's factual findings regarding a defendant's role in an offense are subject to deferential review under the clearly erroneous standard. United States v. Santistevan, 39 F.3d 250, 253 (10th Cir. 1994). Thus, a finding of fact will be upheld unless it has no factual support in the record or leaves the reviewing court with the definite and firm conviction that a mistake has been made. Id.
 
 
 26
 Mr. Ruiz argues that the court erred in failing to give him the two point reduction in light of the evidence he presented at trial with respect to being set up by Mr. Sanchez and Mr. Ramirez and not having any knowledge that he was carrying marijuana. The trial court evidently did not believe this defense. Defendant's testimony to the contrary is insufficient to overcome the clearly erroneous standard. See United States v. Ballard, 16 F.3d 1110, 1115 (10th Cir. 1994). Moreover, the fact that he was a courier does not, alone, entitle him to a reduction as a minor participant. Id. We do not find clear error on these facts.
 
 IX. Fundamental Fairness
 
 27
 Mr. Ruiz argues that either the cumulative impact of two or more errors, or an error coupled with other prejudicial circumstances deprived him of a fair trial. However, in order to prevail under either of these cumulative error analyses, Mr. Ruiz must show actual error. United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993), rev'd on other grounds, 115 S.Ct. 696 (1995); United States v. Rivera, 900 F.2d 1462 (10th Cir. 1990). In this case, we find no error, and therefore no fundamental unfairness.
 
 
 28
 The Judgment of the trial court is affirmed.
 
 
 
 *
 The Honorable James O. Ellison, Senior United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 A senior border patrol agent who worked on the DEA task force testified that the street value of the marijuana seized was $88,000