UNITED STATES COURT OF APPEALS
**Filed 10/3/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY LYN PIERCE,

Defendant-Appellant.

No. 96-7037
(E. Dist. of Oklahoma)
(D.C. No. CR-95-36-S)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

Having examined the briefs and the appellate record, this panel determines unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Pierce pleaded guilty to racketeering, conspiracy to defraud, and forfeiture. As part of the sentence, the district court fined Mr. Pierce $15,000 and ordered payment in $450 monthly installments beginning 90 days after release from custody. Mr. Pierce appeals the fine. He argues that the district court failed to consider various factors bearing upon ability to pay, as mandated by Section 5E1.2(d) of the Sentencing Guidelines.

This court normally reviews appeals of fines under an abuse of discretion standard. *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir.), *cert. denied*, 114 S. Ct. 2762 (1994).

The Guidelines mandate only that the district court consider 5E1.2(d) factors, *not* that it make any express findings. *See United States v. Sneed*, 34 F.3d 1570, 1585 (10th Cir. 1993). Compliance with the Guidelines merely requires the record to reflect that the district court considered the pertinent factors before it imposed the fine. *Id.*

In this case, the district court made it amply clear that it had considered Mr. Pierce's circumstances. Addressing Mr. Pierce, the court said, "This fine is imposed based on your current financial profile and your projected earning ability." Furthermore, the court adopted by reference "all relevant factual matters set forth in the Presentence Investigation by reference." The Presentence Report included a detailed account of Mr. Pierce's financial situation and a statement that

Mr. Pierce did not have the "funds or liquid assets to pay a substantial fine at this time, without provisions made for a payment plan."

Accordingly, the district court imposed a fine at the low end of the $6,000 to $60,000 Guideline range, granted a 90-day grace period, and implemented a reasonable monthly installment plan.

The district court did not abuse its discretion. Mr. Pierce's sentence is therefore **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge