**UNITED STATES COURT OF APPEALS**
**Filed 11/12/96**
**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUDITH NELL IVERSON,

    Defendant-Appellant.

No. 95-4185
(D.C. No. 95-CR-46)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A jury convicted Ms. Judith Nell Iverson, defendant-appellant, on six counts of filing false claims with the Internal Revenue Service, in violation of 18 U.S.C. § 287. The district court sentenced Ms. Iverson to twelve months imprisonment and three years supervised release. As a condition of her supervised release, Ms. Iverson is required to "pay all back taxes owed." Additionally, Ms. Iverson must pay a $300 special assessment, $4,275.21 in restitution and a $20,000 fine. Ms. Iverson appeals only the payment of back taxes condition placed on the supervised release portion of her sentence. We affirm.

On appeal, Ms. Iverson argues (1) the district court had no authority to impose a payment of back taxes condition on her supervised release; (2) if the court had authority to impose such a condition, the court impermissibly delegated its authority to the probation office; and (3) the payment of back taxes condition is "too vague to be enforced." Because Ms. Iverson had opportunity but did not object to this condition of supervised release at sentencing, our review is for plain error. *See United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994), *cert. denied*, 114 S. Ct. 2762; *United States v. Brewer*, 983 F.2d 181, 183 (10th Cir.), *cert. denied*, 508 U.S. 913 (1993).

District courts have broad discretion when imposing conditions of supervised release. *United States v. Edgin*, 92 F.3d 1044, 1048 (10th Cir. 1996). However, by statute, the conditions imposed must 1) be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); 2) involve no greater deprivation of liberty than is reasonably necessary given the needs "to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2)(D); and 3) be consistent with any pertinent Sentencing Commission policy. 18 U.S.C. § 3583(d). In other words, the conditions of supervised release must be reasonably related to protecting the public and rehabilitating the defendant. *See United States v. Jordan*, 890 F.2d 247, 255 (10th Cir. 1989).

Having reviewed the parties' briefs and the record in this case, we conclude the district court acted well within the law and its authorized discretion in ordering Ms. Iverson to pay back taxes as a condition of her supervised release. The special condition at issue is not just reasonably related, but is directly related to Ms. Iverson's conviction for making multiple fraudulent claims to the Internal

Revenue Service for tax refunds. Such tax payments will prevent Ms. Iverson from deriving any benefit from past tax evasion and protect the public coffers. Moreover, the obligation to pay back taxes should deter Ms. Iverson from making future fraudulent claims and from ignoring federal tax obligations as she has in the past. The payment of back taxes condition in no way jeopardizes Ms. Iverson's liberty, nor does she contend that the special condition conflicts with any pertinent Sentencing Commission policy. The district court therefore was fully authorized to impose the payment of back taxes condition.

Relying on principles applicable to restitution orders, Ms. Iverson contends that even if the district court was authorized to impose the payment of back taxes condition, such condition is an impermissible delegation of the court's authority, and is unenforceable due to its vagueness. We disagree. In its judgment and commitment order, the district court unambiguously mandated that "[a]s a special condition of supervised release, the defendant is to pay all back taxes owed." This statement is entirely consistent with the district court judge's oral statement during sentencing that Ms. Iverson would be required to "take care of all back taxes that she owes." Moreover, nothing in the record indicates the district court either delegated the calculation of taxes to be paid to the probation office, or left Ms. Iverson exposed to uncertain tax liability. Rather, the district court simply

ordered Ms. Iverson to obey the tax laws by filing returns for any years she failed to properly do so. The amount of Ms. Iverson's tax liability is controlled and limited by the internal revenue laws, and will be determined by the Internal Revenue Service once she files the necessary returns. The restitution cases Ms. Iverson cites are inapposite under these circumstances. *See United States v. Serhant*, 740 F.2d 548, 555-56 (7th Cir. 1984).

For these reasons, the special condition imposed on Ms. Iverson to "pay all back taxes owed" prior to her becoming eligible for supervised release does not constitute plain error. The judgment of the district court is **AFFIRMED**.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge