F I L E D
United States Court of Appeals
Tenth Circuit

DEC 22 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY DON LANE

Defendant-Appellant.

No. 98-6143

(D.C. No. CR-97-134-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Gary Don Lane appeals his sentence after pleading guilty to violating 21 U.S.C. § 843(b) by using a communication facility to facilitate the distribution of marijuana. Mr. Lane's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and has moved to withdraw from this case. For the reasons set forth below, we affirm

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Lane's sentence and grant Mr. Lane's attorney's motion to withdraw.[1]

## I.  BACKGROUND

While living in Duncan, Oklahoma,  Mr. Lane became involved in a scheme to transport marijuana.  In July 1997, in exchange for $5,000, he drove a pickup truck containing 600 pounds of marijuana from El Paso, Texas to Memphis, Tennessee.  After Mr. Lane completed the drive, another participant in the scheme requested him to transport a second load of marijuana, and  Mr. Lane agreed.  However, law enforcement agents conducting surveillance confronted Mr. Lane as he returned from Memphis.  As a result, Mr. Lane did not deliver the second load of marijuana.  Agents later determined that the second load weighed 680 pounds.

In August 1997, a grand jury charged Mr. Lane in a five-count indictment with various offenses involving the distribution of marijuana.  The charges included conspiracy to distribute marijuana (a violation of 21 U.S.C. § 846), possession of marijuana with the intent to distribute it (a violation of 21 U.S.C. § 841(a)(1)), and using a communication facility to facilitate the distribution of marijuana (a violation of 21 U.S.C.§ 843(b)).  In November 1997, Mr. Lane entered a plea of guilty to the § 843(b)

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

violation.

At sentencing, Mr. Lane sought a two-level reduction in the offense level pursuant to section 3B1.2 of the United States Sentencing Guidelines (USSG) on the grounds that he was a minor participant in the marijuana distribution scheme. He also argued that he should not be held accountable under the Sentencing Guidelines for the second load of marijuana because he never saw it, because his coconspirators never told him the amount involved, and because he did not deliver it.

The district court rejected both arguments and sentenced Mr. Lane to a term of imprisonment of 46 months.

## II. DISCUSSION

### A. Requested Reduction as a Minor Participant Under § 3B1.2(b)

On appeal, Mr. Lane first argues that he is entitled to a two-level reduction in the offense level under USSG § 3B1.2(b) because he was only a minor participant in the distribution scheme. We review the district court's refusal to grant the reduction for clear error, see United States v. Smith, 131 F.3d 1392, 1399 (10th Cir. 1997), cert. denied. 118 S. Ct. 1109 (1998), noting that a defendant has the burden of proving by a preponderance of the evidence that he is entitled to the reduction, see United States v. Williamson, 53 F.3d 1500, 1523 (10th Cir. 1995).

Section 3B1.2(b) authorizes a two-level -reduction in the offense level for a defendant who is a "minor participant." A "minor participant" is defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2 comment. n.3.[2] Mr. Lane maintains that he was a minor participant under this definition because his only role in the marijuana distribution scheme was as a courier and because he was informed of neither the amount of marijuana nor the amount of money involved in the scheme. See Rec. vol. III at 7 (Tr. of March 10, 1998 Sentencing Hr'g). According to Mr. Lane, this limited role made him "plainly the least culpable of any co-conspirator in the case." Id.

We are not persuaded by this argument. This court has refused to adopt a per se rule that drug couriers are minor or minimal participants under § 3B1.2. United States v. Ballard, 16 F.3d 1110, 1115 (10th Cir. 1994). Here, the government identified evidence that Mr. Lane intended to become involved in a long-term conspiracy and that he took several measures to join it, acquiring a cellular phone, a pager, and a post office box in El Paso. In light of this evidence, we conclude that the district court did not clearly err in denying Mr. Lane a two-level reduction in the offense level under § 3B1.2

---

[2]     Under § 3B1.2, "minimal participants" are those individuals "who are plainly among the least culpable of those involved in the conduct of a group." See USSG § 3B1.2 n.2. Minimal participants are entitled to a four-level reduction in the offense level.

### B. Determination of Drug Quantity

Mr. Lane also challenges the district court's sentencing decision to hold him accountable for 1280 pounds of marijuana. He argues that the amount of the undelivered shipment of marijuana was not reasonably foreseeable to him. We review the district court's drug quantity determination for clear error. United States v. Ruiz-Castro, 92 F.3de 1519, 1534 (10th Cir. 1996).

Under USSG § 1B1.3, the offense level for a jointly undertaken criminal activity is determined on the basis of "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). In drug cases, "the defendant is accountable for all quantities . . . with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities . . . that were within the scope of the criminal activity that he jointly undertook." USSG § 1B1.3 comment. n. 2. The government has the burden of proving by a preponderance of the evidence that a particular quantity of drugs was involved in the jointly undertaken activity. See Ruiz-Castro, 92 F.3d at 1534.

Applying these standards, we discern no clear error in the district court's approach. Even though Mr. Lane did not deliver the second load, he does not dispute that he agreed with his coconspirators that he would make the delivery and that only the intervention of law enforcement agents prevented him from doing so. Under § 1B1.3, the government is not required to prove that Mr. Lane knew the precise amount of the second shipment in

order to render him accountable for it for purposes of sentencing. See United States v. Padilla-Pena, 129 F.3d 457, 468 (8th Cir. 1997) (noting that "the central figures in a conspiracy . . . could be reasonably expected to foresee the bulk of the conspirators' activities"). Instead, the court may determine what amounts were reasonably foreseeable to Mr. Lane by relying on factors such as whether he demonstrated a substantial level of commitment to the conspiracy and whether he benefitted from his co-conspirators' activities. United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998). Here, there is evidence of both Mr. Lane's commitment to the marijuana distribution scheme and his benefit from it. Accordingly, we conclude that the district court did not clearly err in holding Mr. Lane accountable for both loads of marijuana.

CONCLUSION

We therefore AFFIRM Mr. Lane's sentence, and we grant the motion to withdraw filed by Mr. Lane's attorney.

Entered for the Court,

Robert H. Henry
Circuit Judge