**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THEODORE WILLIS FLOWERS, JR.,

Defendant-Appellant.

No. 97-6044
(D.C. No. 96-CR-108)
(W.D. Okla.)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BARRETT** and **TACHA,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.   See Fed. R. App. P. 34(a)(2); 10   th Cir. R. 34.1(G).

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Theodore Willis Flowers, Jr., entered a plea of guilty to a single-count superceding indictment for maintaining a place for the purpose of distributing cocaine base in violation of 21 U.S.C. 856 (a)(1). He received a sentence of 240 months. On appeal, he objects to the district court's failure to award him an offense level reduction for acceptance of responsibility and for a minor role in the drug conspiracy. We affirm.

Mr. Flowers was charged in a multi-count drug conspiracy that extended from Los Angeles to Oklahoma City. It is undisputed that Mr. Flowers' automotive shop served as a center for the conspiracy's crack transactions for almost two years. He thus facilitated drug sales and sporadically sold drugs from the auto shop himself. When the prosecutor offered Mr. Flowers a plea agreement, he immediately accepted. In exchange for the dismissal of all conspiracy counts against him, Mr. Flowers pled guilty to maintaining a place to distribute cocaine base.

Three and a half months after the plea, Mr. Flowers sent the district court a handwritten letter dated January 9, 1997, discussing his struggling economic situation, his confused interactions with police regarding the vehicles in his shop, and the circumstances surrounding his crime. In relevant part to the crime to which he pled guilty, Mr. Flowers wrote, "I have been charge[d] with the following violation 21 U.S.C. § 856 maintaining & dwelling. At this time I

would like to express to you about the innocent [sic] of this crime that I've been so accused." Ct. Exh. 2 at 1. He denied he knew his shop was used for drug sales. "I never was aware of the type of call that was made . . . . And with all the things I had to do I didn't have time to sale [sic] any drug[s] . . . . [T]hat['s] a job within itself." *Id.* at 8.

Thereafter at sentencing, Mr. Flowers objected to the court's denial of an offense level reduction for a minor participant and for acceptance of responsibility. The district court rejected Mr. Flowers' request to consider him a minor participant. The court made written findings that Mr. Flowers' role as owner of the automotive shop made him the key indispensable actor in maintaining a place for the sale of drugs. Aplt. App. at 11. The court also denied Mr. Flowers a reduction for acceptance of responsibility after finding that he was not forthcoming, did not offer complete and accurate information in earlier debriefings, and had attempted to exculpate himself by his letter. *Id.* at 10-11.

We review the district court's determination that Mr. Flowers was not a minor participant as a finding of fact under the clearly erroneous standard. We also give due deference to the court's application of the Sentencing Guidelines. *See United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir.1994). The burden is on a defendant to establish that he was a minor participant. *Id.* Under the

Sentencing Guidelines, "[b]ased on the defendant's role in the offense," there is a reduction for a minor participant "who is less culpable than most other participants . . ." *See* U.S.S.G. § 3B1.2 and comment. n.3. As the district court noted, Mr. Flowers did not plead to conspiracy. To the contrary, all conspiracy charges were dropped in exchange for his guilty plea to the charge of maintaining a place for the distribution of crack cocaine. With respect to that offense, the record shows Mr. Flowers was the owner and operator of the auto shop and occasionally sold crack from the shop himself. As such, he was fully and indispensably culpable for the maintenance of the auto shop as a place to distribute cocaine. The district court did not err in finding that Mr. Flowers was not a minor participant. [1]

---

[1] Mr. Flowers contends the district court erred in making this determination by considering evidence from the trial of his co-defendants without notice to him. However, it is clear from both the sentencing transcript, aplt. app. at 16, and the district court's written order, *id.* at 11, that the court did not consider Mr. Flowers' role in the drug conspiracy in denying him a reduction as a minor participant. In this regard, the court said, "It's important to keep in mind in this respect what is the count . . . ; it's maintaining the place, not the conspiracy for the distribution of the crack cocaine. And fundamentally, one either maintains the place or he doesn't. And with respect to maintaining the place, Mr. Flowers is the key and the indispensable person because it is his place of business." *Id.* at 16. It was thus unnecessary for the court to consider evidence from the trial of Mr. Flowers' co-defendants in determining the nature of Mr. Flowers' role in the offense. The circumstances surrounding Mr. Flowers' guilty plea established sufficient evidence that he was not a minor participant in the activity for which he was convicted.

We review the district court's denial of a reduction for acceptance of responsibility under the clearly erroneous standard. *See United States v. Robertson*, 45 F.3d 1423, 1449 (10th Cir.1995). The district court has "broad discretion to grant or deny the reduction." *Id.*; U.S.S.G. § 31E1.1 comment. n.5. Here, the district court found Mr. Flowers' letter to be an attempt to exculpate himself. In the letter, Mr. Flowers expressed innocence and lack of knowledge. That was directly contrary to his plea, in which he conceded he maintained a place for drug distribution and even sold drugs from the auto shop himself. Notwithstanding the beseeching sentiments of the letter, its expression of innocence contradicts Mr. Flowers' guilty plea and belies an acceptance of responsibility. Consequently, it was well within the district court's broad discretion to deny a reduction for acceptance of responsibility.

We **AFFIRM** the district court's denial of offense level reductions for Mr. Flowers as a minor participant and for acceptance of responsibility.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge