**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LARRY PAUL PATRON,

Defendant - Appellant.

No. 00-4189

(D.C. No. 99-CR-123-01-W)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant, the driver of a car containing 2.2 kilograms of methamphetamine, appeals his sentence, challenging the trial court's refusal to depart downward for minimal participation in a drug distribution scheme, or, in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the alternative, to depart downward for minor participation. He likewise challenges the court's refusal to depart downward for aberrant behavior.

The trial court's finding that Defendant presented no evidence from which to compare his level of participation is not clearly erroneous. Courier status, standing alone, does not mandate reduction for either minimal or minor participation. United States v. Ballard, 16 F.3d 1110, 1115 (10th Cir. 1994).

The trial court clearly recognized its discretion to depart for aberrant behavior. It concluded that the facts did not support such a departure. It is settled that, absent an erroneous legal conclusion that it lacked discretion, the trial court's refusal to depart is not subject to review on appeal. United States v. Pearson, 203 F.3d 1243, 1276 (10th Cir. 2000).

Finding no error, we AFFIRM Defendant's conviction and sentence.

Entered for the Court


Monroe G. McKay
Circuit Judge