**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD TRACY SPENCER,

Defendant-Appellant.

No. 00-3359
(D.C. No. 00-10087-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Richard Tracy Spencer pleaded guilty to one felony count of forging a seal of a federal agency[1] and one count of unauthorized wearing of military decorations, a misdemeanor. Defendant was sentenced to sixteen months' imprisonment and one year supervised release. The sentence was enhanced for more than minimal planning under § 2F1.1(b)(2)(A) of the United States Sentencing Guidelines (USSG), and the district court imposed a special condition restricting defendant's access to printing equipment during the period of supervised release. On appeal, defendant challenges the enhancement and the special condition. We affirm.

As defendant admitted to the sentencing court, he has been a pathological liar and a con man for over forty years. R. Vol. II at 48. We will confine our

---

[1]  18 U.S.C. § 506 states in pertinent part:

(a) Whoever --

> (1) falsely makes, forges, counterfeits, mutilates, or alters the seal of any department or agency of the United States, or any facsimile thereof;
>
> (2) knowingly uses, affixes, or impresses any such fraudulently made, forged, counterfeited, mutilated, or altered seal or facsimile thereof to or upon any . . . paper of any description;
>
> . . . .
>
> shall be fined under this title, or imprisoned not more than 5 years or both.

discussion of defendant's activities, however, only to those pertinent to the charges underlying this appeal.

In May of 1999, defendant's wife filed for divorce. Prior to that time, defendant had been posing as a rear admiral on active duty with the United States Navy, wearing the appropriate uniform and sporting various medals and decorations. Realizing that his wife had become suspicious about his affiliation with the Navy and hoping that he might dissuade her from divorcing him, defendant manufactured a letter with letterhead supposedly from Naval Personnel Command. To this letter, he affixed the seal of the United States Navy after scanning the seal from a library book. The letter, purportedly written on behalf of the Navy and the Justice Department, requested defendant's wife to reconsider leaving him. Defendant then transmitted this letter to his wife.

The information to which defendant pleaded guilty charged that he "knowingly used, affixed and impressed, a fraudulently made, forged and counterfeited seal of a department and agency of the United States, upon a document and paper, to wit, **Defendant** scanned and reproduced the Seal of the United States Navy upon a letter sent to another." R. Vol. I, tab 1 at 4. As noted above, defendant's sentenced was enhanced two levels for more than minimal planning.

For purposes of this case, "'more than minimal planning' means more planning than is typical for commission of the offense in a simple form." USSG Manual § 1B1.1, application n.(f). Defendant argues that his actions in procuring the library book, scanning the seal onto a piece of paper, and arranging for the paper's delivery to his wife are no more than the minimum acts necessary to violate the statute, and thus the enhancement for more than minimal planning was error. We are not persuaded.

"We review the district court's interpretation and application of the sentencing guidelines de novo. We review the court's underlying findings of fact for clear error." *United States v. Archuletta*, 231 F.3d 682, 684 (10th Cir. 2000) (quotation omitted). "The question before us then is whether, under a clearly erroneous standard, the planning and conduct in which the district court found [defendant] to have engaged constituted 'more planning than is typical for the commission of the offense . . . in its simple form' as a matter of law." *Id.* We conclude that it does and that defendant's sentence was properly enhanced.

We agree with defendant that his actions in procuring the book, scanning the seal and affixing the seal to the letter, were nothing more than actions necessary to violate the statute in its simple form. Defendant, however was also charged with sending the fraudulent letter to another, and it is the method

-4-

defendant chose for transmitting the letter to his wife that establishes more than minimal planning.

In an effort to bolster his story and to further impress his wife of his Navy bona fides, defendant telephoned the local Navy recruitment office in Wichita and, posing as an aide to the fictitious Rear Admiral Spencer, arranged for a uniformed Naval petty officer to deliver the letter in person to Mrs. Spencer at the local courthouse where she worked. Had defendant mailed the letter to Mrs. Spencer, he would probably have only committed the offense in its simple form. By posing as an aide to a nonexistent Naval officer, however, and talking the local Navy personnel into helping him in his fraud, defendant engaged in more than minimal planning and was properly sentenced accordingly.

Defendant next argues that a special condition of supervised release required by the district court is unreasonable and too vague to be enforced. That condition prohibits defendant from employment in the printing business "in any capacity where [he has] access to printing or scanning equipment, and that includes scanning equipment [he] might use with a home computer because [he] can make documents there as easily as [he] can if [he were] working for a printing business." R. Vol. II at 31. [2]

----

[2] The government points to a discrepancy between the oral sentence of the court and the sentence as recorded in the judgment. The written judgment

(continued...)

We ordinarily review conditions of supervised release for abuse of discretion. *United States v. Edgin*, 92 F.3d 1044, 1048 (10th Cir. 1996). Here, however, because defendant had the chance to object to this condition at the time of sentencing but did not do so, our review is for plain error. *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994).

Under the plain error standard, "we will only reverse . . . in an exceptional circumstance--one where the error was patently plainly erroneous and prejudicial and fundamental injustice would otherwise occur." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1227 (10th Cir. 2001) (quotations and citation omitted). We conclude that defendant has failed to demonstrate that the imposition of this condition of supervised release constituted plain error.

Even if we were to review this issue under a more lenient standard, we would hold that, given defendant's history of forgery, counterfeiting and fraud, this special condition is "reasonably related to the nature and circumstances of the offense and the history and characteristics of th[is] defendant." *See Edgin*,

[2](...continued)
prohibits defendant from access to "printmaking or scanning equipment." R. Vol. I, tab 14 at 5. It further provides that "[t]he defendant shall not have any printmaking or scanning equipment on any home computer system." *Id.* The parties agree that the term "printmaking" is ambiguous, and the government requests that this case be remanded for the limited purpose of correcting the written judgment to conform to the oral sentence. *See United States v. Young*, 45 F.3d 1405, 1417 (10th Cir. 1995) (unambiguous oral sentence controls over contrary written judgment). We grant that request.

92 F.3d at 1048 (quotation omitted). Defendant's liberty will not be deprived to any greater extent than is necessary given the need to deter his criminal conduct and to protect the public from further schemes by defendant. *See id.* Any vagueness or confusion caused by use of the term "printmaking" will be eliminated when the judgment is corrected to conform to the oral sentence as discussed above in note 2.

The judgment of the United States District Court for the District of Kansas is AFFIRMED, but this case is REMANDED for the limited purpose of bringing the written judgment into conformity with the sentence as handed down orally at the sentencing hearing.

Entered for the Court

Wade Brorby
Senior Circuit Judge