**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Rolando LIZARRAGA–ORDUNO,**
**Defendant–Appellant.**

No. 04–2038.

United States Court of Appeals,
Tenth Circuit.

Dec. 13, 2004.

---

David N. Williams, Asst. U.S. Attorney, David C. Iglesias, U.S. Attorney, Albuquerque, NM, James T. Martin, Las Cruces, NM, for Plaintiff–Appellee.

Stephen P. McCue, Fed. Public Defender, Phillip P. Medrano, Albuquerque, NM, for Defendant–Appellant.

Before TACHA, Chief Circuit Judge, and PORFILIO and BRORBY, Senior Circuit Judges.

## ORDER AND JUDGMENT*

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Jose Rolando Lizarraga–Orduno pled guilty to reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). He now appeals his forty-one-month sentence, contending the district court erred in: 1) enhancing his sentencing under United States Sentencing Guide-

lines (U.S.S.G.) § 2L1.2 because the government failed to prove his sentence for a prior conviction exceeded thirteen months, and 2) applying an enhancement for his prior conviction on facts not found by a jury, as required under *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm the district court's conviction and sentence.

## I. Background

### Presentence Report and Objections Thereto

At his plea hearing, Mr. Lizarraga–Orduno pled guilty to an indictment charging him with reentering the country illegally as a deported alien previously "convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43), [in] Possession with Intent to Distribute More Than 50 Kilograms of Marijuana." When questioned by the district court as to his plea, Mr. Lizarraga–Orduno acknowledged the charge to which he pled guilty included his conviction for an aggravated felony for possession with intent to distribute a quantity of marijuana. Later, the following colloquy with Mr. Lizarraga–Orduno on the reason for his prior deportation ensued:

> The Court: Was that because you had been convicted of a felony, intent to distribute more than 50 kilograms of marijuana?
>
> [Mr. Lizarraga–Orduno]: No, sir.
>
> The Court: You were not convicted of that?
>
> [Mr. Lizarraga–Orduno]: Yes, at that time, but that was in 1990.

---

* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. . . .

The Court: But it is true that you had been convicted of the marijuana offense, right?

[Mr. Lizarraga–Orduno]: Yes, sir.

After an additional discussion with Mr. Lizarraga–Orduno, the district court accepted his guilty plea and referred the matter to the probation office for preparation of a presentencing report.

The probation officer prepared a presentencing report, noting Mr. Lizarraga–Orduno received a prior conviction for a drug trafficking crime, for which he received a sentence exceeding thirteen months imprisonment, warranting a sixteen-level offense increase under U.S.S.G. § 2L1.2. Specifically, the probation officer pointed out Mr. Lizarraga–Orduno received a sentence of thirty-seven months imprisonment and three years supervised release in 1990 from the same court, the United States District Court for the District of New Mexico, in Case No. 90–123HB–001, for his conviction for possession with intent to distribute more than fifty kilograms of marijuana, and that he was released from custody on December 5, 1992, and received an early discharge from his supervision termination date on July 31, 1995. Applying various other sentencing factors, the probation officer calculated Mr. Lizarraga–Orduno's total offense level at 21 and his criminal history category at II, for a final guideline range of forty-one to fifty-one months imprisonment.

Through counsel, Mr. Lizarraga–Orduno did not object to the presentencing report's factual representations, including his prior thirty-seven-month sentence for possession with intent to distribute more than fifty kilograms of marijuana. Instead, Mr. Lizarraga–Orduno, through his counsel, submitted a statement of acceptance of responsibility which stated, in part, that he was caught in the United States at the port of entry, and "[a]t that time it was subsequently discovered ... I had a previous felony conviction for possession of marijuana with the intent to distribute."

Again, at the sentencing hearing, neither Mr. Lizarraga–Orduno nor his attorney objected to the factual statements in the presentencing report, other than to correct a grammatical error. Instead, his attorney requested Mr. Lizarraga–Orduno receive a sentence at the low end of the guidelines, at forty-one months, and stated, "[w]hen he was here previously in 1990, he served a short sentence in Seagoville ... and we're asking the Court to recommend that, if he qualifies, to serve incarceration there." The district court accepted the factual findings and guideline applications in the presentencing report, finding Mr. Lizarraga–Orduno "illegally reentered [the] United States after having previously been deported, based on his conviction for drug trafficking." He then sentenced Mr. Lizarraga–Orduno to forty-one months incarceration.

## II. Discussion

For the first time on appeal, Mr. Lizarraga–Orduno raises a *Blakely* issue related to the enhancement of his sentence with sentencing facts concerning his prior conviction, which we address in two parts. Specifically, he claims: 1) the government failed to offer evidence to show the sentence he received for his prior conviction was thirty-seven months, thus longer than the thirteen months required for an enhancement under § 2L1.2; and 2) the district court's determination he received a thirty-seven-month sentence is in violation of the Supreme Court's decision in *Blakely*, because the fact he received a thirty-seven-month sentence was found by a judge, rather than a jury.

## A. Prior Conviction Determination

We first consider whether the district court erred in enhancing Mr. Lizarraga–Orduno's sentence with his prior drug conviction, under U.S.S.G. § 2L1.2(b), because the government failed to prove his sentence was over thirteen months. Generally, "[w]hen reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law de novo." *United States v. Hurlich,* 293 F.3d 1223, 1227 (10th Cir.2002). However, clear error review of a factual finding is inappropriate when the defendant fails to preserve the issue on appeal, because it leaves no factual record on which to base our review. *United States v. Saucedo,* 950 F.2d 1508, 1518 (10th Cir.1991), *overruled on other grounds by Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

In this case, Mr. Lizarraga–Orduno admits he failed to object to the facts in the presentencing report either before or during the sentencing hearing, but contends he also never admitted to receiving a sentence exceeding thirteen months. However, the lack of a verbal admission is not the criteria we apply. Instead, the law permits the parties to object to the presentencing report which the probation officer prepares and submits to the district court. *See United States v. Virgen–Chavarin,* 350 F.3d 1122, 1132 (10th Cir.2003) (*relying on* 18 U.S.C. § 3552(a); Fed.R.Crim.P. 32). "For factual matters, the initial burden of proof is on the government; however, 'the burden of alleging factual inaccuracies of the presentence report is on the defendant.'" *United States v. Windle,* 74 F.3d 997, 1001 (10th Cir.1996) (*quoting United States v. Deninno,* 29 F.3d 572, 580 (10th Cir.1994)). To successfully carry the burden of alleging factual inaccuracies, the defendant must assert contradictory facts

challenging the accuracy of the presentencing report. *See United States v. Archer,* 70 F.3d 1149, 1151 (10th Cir.1995). If the defendant fails to do this, we have said the district court may rely on the presentencing report without making independent factual findings. *See United States v. Overholt,* 307 F.3d 1231, 1251–52 (10th Cir. 2002). Consequently, "[f]ailure to object to a fact in a presentence report, or failure to object at the [sentencing] hearing, acts as an admission of fact." *Deninno,* 29 F.3d at 580 (citation omitted). Thus, "[u]nder the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice." *United States v. Heredia–Cruz,* 328 F.3d 1283, 1288 (10th Cir.2003) (quotation marks, emphasis and citation omitted).

■ Because Mr. Lizarraga–Orduno failed to make the necessary objection to the presentencing report's factual determination that he received a sentence of thirty-seven months for his prior conviction, such an omission acts as an admission, regardless of his contention he did not explicitly admit to receiving such a sentence. Even on appeal, Mr. Lizarraga–Orduno fails to inform this court of the actual sentence he received or assert facts contradicting his thirty-seven-month sentence. The only information he has offered as to the length of his sentence occurred at his sentencing hearing, when his attorney merely stated he served a "short sentence in Seagoville." Thus, under the circumstances presented, we will not review the district court's factual findings relating to the length of his sentence. *See Heredia–Cruz,* 328 F.3d at 1288. Furthermore, we cannot say the district court otherwise made any particularly egregious or obvious and substantial legal error,

which our failure to consider would result in a miscarriage of justice. *Id.*

## B. Use of Prior Conviction to Enhance

We next briefly address Mr. Lizarraga–Orduno's argument the decision in *Blakely* prohibits enhancement of his sentence for his prior conviction because a judge, not a jury, made the determination he received a thirty-seven-month sentence for his prior conviction. He contends this fact, not the fact of his conviction, impermissibly increased his sentence in violation of *Blakely.*

■ Under the circumstances presented, we must reject this argument. Not only has Mr. Lizarraga–Orduno raised this issue for the first time on appeal, limiting our review, but his appeal wholly lacks merit. The Supreme Court, in deciding *Blakely,* unequivocally restated the proposition announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 124 S.Ct. at 2536 (emphasis added); *see also United States v. Cooper,* 375 F.3d 1041, 1052 n. 3 (10th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 634, 160 L.Ed.2d 478 (2004). In this case, because Mr. Lizarraga–Orduno's forty-one-month sentence is below the prescribed statutory maximum sentence of twenty years provided under 8 U.S.C. § 1326(b)(2), we must reject his contention

his sentence is unconstitutional under *Blakely.*

Mr. Lizarraga–Orduno attempts to counter this point by noting that under *Blakely,* the term "statutory maximum" means " 'the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.'* " 124 S.Ct. at 2537. He suggests that because he did not admit to the fact his sentence exceeded thirteen months, that fact must be found by a jury. But in this case, he admitted to all facts necessary for his conviction under 8 U.S.C. § 1326(a) and (b)(2),[1] including repeated admissions during his guilty plea proceeding, as well as in his statement of responsibility, to being an alien who illegally reentered the country after having been previously deported based on his conviction for an aggravated felony. The fact he failed to admit to a sentence longer than thirteen months only pertains to his enhancement under the Sentencing Guidelines, and has nothing to do with his admissions to the elements necessary for conviction under the statutory crime for which he was charged and convicted—illegal reentry of an alien after deportation subsequent to conviction for an aggravated felony, under 8 U.S.C. § 1326(a) and (b)(2).

Moreover, Mr. Lizarraga–Orduno's argument must fail even if his sentence exceeded the prescribed statutory maximum, thereby possibly implicating the facts supporting his enhancement. This is because his failure to object to the presentencing

---

1. These statutes pertain to reentry of removed aliens, and together provide that any alien who has reentered the country after being deported subsequent to a conviction for an aggravated felony shall be imprisoned not more than twenty years. *See* 8 U.S.C. § 1326(a)(1), (2) and (b)(2). The indictment to which Mr. Lizarraga–Orduno pled guilty refers to his aggravated felony as one defined

under 8 U.S.C. § 1101(a)(43). Subsection 43 defines an aggravated felony as including illicit trafficking in a controlled substance, including a drug trafficking crime. *See* 8 U.S.C. § 1101(a)(43). It is for this reason that during the plea hearing the district court cautioned Mr. Lizarraga–Orduno his guilty plea exposed him to the possibility of a sentence lasting "as long as 20 years."

report's finding he served a thirty-seven-month sentence served as an admission, thereby leaving no question of fact for a jury or judge to decide.

III.  Conclusion

For the reasons provided herein, Mr. Lizarraga–Orduno's conviction and sentence are **AFFIRMED**.