**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 4, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ROLANDO LIZARRAGA-
ORDUNO,

    Defendant-Appellant.

No. 04-2038
(D. N.M.)
(D.Ct. No. CR-03-1705-JC)

**ORDER ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

Appellant Jose Rolando Lizarraga-Orduno pled guilty to reentry of a

deported alien previously convicted of an aggravated felony in violation of 8

U.S.C. § 1326(a)(1) and (b)(2). *See United States v. Lizarraga-Orduno*, 118 Fed.

Appx. 439 (10th Cir. Dec. 13, 2004) (unpublished op.) (*Lizarraga-Orduno I*),

*vacated and remanded,* 125 S. Ct. 1678 (2005) (*Lizarraga-Orduno II*). The

district court sentenced him to forty-one months imprisonment after determining

his prior conviction for a drug trafficking crime exceeded thirteen months

imprisonment, warranting a sixteen-level offense increase under United States

Sentencing Commission, *Guidelines Manual* (U.S.S.G.) § 2L1.2 (b)(1)(A).[1]

*Lizarraga-Orduno I*, 118 Fed. Appx. at 440-41.


Mr. Lizarraga-Orduno appealed his sentence, contesting for the first time on appeal the district court's determination his prior conviction exceeded thirteen months. *Id.* at 441. Similarly, for the first time on appeal, he raised a claim the district court applied the enhancement for his prior conviction based on facts not found by a jury, as required under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). *Lizarraga-Orduno I*, 118 Fed. Appx. at 440-41. On December 13, 2004, we affirmed his conviction and sentence. *Id.* at 440, 444. Thereafter, Mr. Lizarraga-Orduno appealed to the United States Supreme Court. During the pendency of his appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 738 (2005), and thereafter summarily vacated and remanded our decision in Mr. Lizarraga-Orduno's case for further consideration in light of *Booker*. *See Lizarraga-Orduno II*, 125 S. Ct. at 1678. At our direction, the parties filed supplemental briefs on the applicability of *Booker*. On remand, Mr.

---

[1] Section 2L1.2(a) applies to immigration offenses and recommends a base offense level of 8 for defendants unlawfully entering or remaining in the United States. It also recommends a sixteen-level increase for those defendants who were previously deported or unlawfully remained in the United States "after ... a conviction for a felony that is ... a drug trafficking offense for which the sentence imposed exceeded 13 months ...." U.S.S.G. § 2L1.2(b)(1)(A).

Lizarraga-Orduno appeals the sixteen-level enhancement, claiming the district court committed constitutional plain error by increasing his sentence sixteen offense levels on the basis of judicial factfinding. He also suggests a reasonable probability exists the district court would have sentenced him outside of the Guidelines range under an advisory, rather than a mandatory, sentencing scheme. We reinstate our prior Order and Judgment and affirm Mr. Lizarraga-Orduno's sentence for the following reasons.

## I. Factual Background

We first briefly recite those facts relevant for the purpose of disposing of the *Booker* issues raised on remand. At his plea hearing, Mr. Lizarraga-Orduno acknowledged he had been previously deported based on his prior conviction for an aggravated felony for possession with intent to distribute marijuana. *Lizarraga-Orduno I,* 18 Fed. Appx. at 440-41. After Mr. Lizarraga-Orduno pled guilty to reentry of a deported alien previously convicted of an aggravated felony, the probation officer prepared a presentence report recommending a sixteen-level enhancement under U.S.S.G. § 2L1.2 because of Mr. Lizarraga-Orduno's prior conviction for a drug trafficking crime for possession with intent to distribute more than fifty kilograms of marijuana, for which he received a sentence of thirty-seven months imprisonment and three years supervised release. *Id.* at 441.

Applying other sentencing factors, the probation officer calculated Mr. Lizarraga-Orduno's total offense level at 21 and his criminal history category at II, for a final Guidelines range of forty-one to fifty-one months imprisonment. *Id.*

Through counsel, Mr. Lizarraga-Orduno did not object to the presentence report's factual representations, including his prior thirty-seven-month sentence for possession with intent to distribute more than fifty kilograms of marijuana. *Id.* Again, at the sentencing hearing, neither he nor his counsel objected to the factual statements in the presentence report, other than to correct a grammatical error. *Id.* The district court then accepted the factual findings and Guidelines applications in the presentence report and found the sixteen-level enhancement applied. *Id.* Mr. Lizarraga-Orduno requested the court sentence him at the "low end of the guidelines," noting he lived in the United States for thirty-five years, worked in Albuquerque for a considerable amount of time, and had "a wife and children" whom he supported and for whom he paid expenses. The district court responded by stating:

> I understand the problems with the economy in Mexico. Unfortunately, we see those in this courtroom every day. It is a sad situation, particularly with people who have family ties in this country, but the authorities in Washington have determined that you are not allowed into this country for any reason based on your prior criminal conduct, and I cannot change that. And I can look down this chart (*i.e.*, the Guidelines Sentencing Table), there's some discretion given to me to sentence you. So I can sentence you at the

low end of what has been determined to be appropriate, which is 41 months, and that is what I will do.

The district court then applied the bottom of the sentencing range, for a sentence of forty-one months imprisonment. *Id.*

On appeal, we determined, in part, that Mr. Lizarraga-Orduno's failure to object to the facts in the presentence report concerning his prior conviction acted as an admission and therefore, the district court's reliance on those facts did not constitute clear error or a particularly egregious or obvious and substantial legal error that would result in a miscarriage of justice. *Id.* at 442-43. We further determined, in part, that Mr. Lizarraga-Orduno's *Blakely* claim must fail based on his failure to object to the presentence report's finding he served a thirty-seven-month sentence for his prior conviction, explaining it acted as an admission leaving no question of fact for a jury or judge to decide. *Id.* at 443-44. After determining the district court did not err in applying the § 2L1.2 enhancement, we affirmed Mr. Lizarraga-Orduno's conviction and sentence. *Id.* at 444.

II. Discussion

On remand, Mr. Lizarraga-Orduno continues to argue "the district court committed constitutional error that is plain when it imposed a 16-level increase in sentencing [him] under a mandatory sentencing guidelines regime, on the basis of

judicial factfinding under the preponderance of the evidence standard."

Specifically, Mr. Lizarraga-Orduno asserts the intervening *Booker* decision

requires a jury, not a judge, to determine whether his prior conviction resulted in

a sentence longer than thirteen months. As to his overall sentence length, he

argues:

> [t]here is a reasonable probability that the district court would
> reasonably exercise discretion to sentence [him] outside the
> Guideline range, given [his] sentence at the lowest end of that range,
> the district court's acknowledgment that it had discretion only to
> impose sentence within the 41-51 month guideline range, and the
> empathy expressed by the court for the "sad situation" which gave
> rise to [his] re-entry offense.

The government counters by pointing out Mr. Lizarraga-Orduno admitted his prior

sentence exceeded thirteen months when he failed to object to the presentence

report.[2]


In *United States v. Moore,* we held that under *Booker* the government is not

required to charge in an indictment or prove to a jury either: 1) the existence of

prior convictions; or 2) their classification for the purpose of applying certain

enhancements. 401 F.3d 1220, 1221, 1224-25 & n.2 (10th Cir. 2005). With

---

[2] The government also contends the district court files contain the judgment which imposed a sentence of thirty-seven months, of which we may take judicial notice. However, given the judgment is not in the record on appeal, we decline to take such judicial notice.

respect to the former, concerning the existence of prior convictions, *Booker* patently reaffirms Supreme Court precedent that a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at ___, 125 S. Ct. at 756 (emphasis added). With respect to the characterization of prior convictions for the purpose of applying certain enhancements, we have determined it involves a question of law and not fact, so it does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury. *See Moore*, 401 F.3d at 1224-26.

In this case, it is clear the government did not need to charge the "fact" of Mr. Lizarraga-Orduno's prior conviction in the indictment or submit it to a jury. *See Moore*, 401 F.3d at 1224. In addition, Mr. Lizarraga-Orduno does not contest the characterization of his prior conviction as a drug trafficking conviction, *id*. at 1224-25, leaving only the fact of the length of the sentence imposed in dispute on remand. Because a judge, not a jury, may make such factual determinations with respect to prior convictions, we need only determine if the district court's factual

determination Mr. Lizarraga-Orduno's sentence exceeded thirteen months was incorrect or otherwise in error under the circumstances in this case. The government contends no error occurred, given Mr. Lizarraga-Orduno's failure to point out any factual errors in the presentence report, which stated he received a thirty-seven-month sentence and on which the district court relied.

"Normally, failure to alert the trial court to an error precludes review of that same issue by this court." *United States v. Saucedo*, 950 F.2d 1508, 1511 (10th Cir. 1991) (quotation marks and citations omitted), *overruled on other grounds, Stinson v. United States*, 508 U.S. 36 (1993). "However, '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court,'" *id.* (citing Fed. R. Crim. P. 52(b)), but this plain error exception "is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *Id.* (quotation marks and citations omitted). "In order to invoke the [plain error] exception, the error must be 'particularly egregious' ... as well as 'obvious and substantial.'" *Id.* (citations omitted).

This court has repeatedly held that a factual dispute concerning the applicability of a particular guideline not brought to the attention of the district

court constitutes waiver and does not rise to the level of plain error. *Id.* at 1518.

*See also United States v. Yarnell*, 129 F.3d 1127, 1137-38 (10th Cir. 1997);

*United States v. Farnsworth*, 92 F.3d 1001, 1009 n.5 (10th Cir. 1996). We have

applied this waiver principle with respect to facts underlying prior criminal acts,

*see United States v. Yates*, 22 F.3d 981, 989 (10th Cir. 1994), and note it does not

appear to be directly affected by the rule in *Booker* because, as previously

discussed, the fact and characterization of prior convictions does not implicate the

Sixth Amendment for the purpose of triggering the *Booker* rule.[3] *See Moore*, 401

F.3d at 1224-26. Similarly, a defendant's obligation under Federal Rule of

Criminal Procedure 32[4] to point out factual inaccuracies concerning the

_____

[3] Because this case involves a prior conviction, to which *Booker* does not apply, we believe the waiver rule as applied here is distinguishable from this court's determination that the waiver rule is inapplicable to a defendant's failure to object to facts "for purposes of the rights announced in *Booker*." *United States v. Bass*, 411 F.3d 1198, 1204 n.7 (10th Cir. 2005) (questioning remaining validity of the waiver rule after *Booker* with respect to failure to object to facts contained in the presentence report that pertain to the instant offense and which resulted in a judicially-found factual enhancement).

[4] *See United States v. Virgen-Chavarin*, 350 F.3d 1122, 1132 (10th Cir. 2003) (relying on 18 U.S.C. § 3552(a) and Rule 32 in stating that "accuracy is paramount in the sentencing process" and explaining the parties have an obligation to object to inaccuracies in the presentence report as part of the focused, adversarial development of the factual issues relevant to determining the appropriate sentence); *United States v. Archer*, 70 F.3d 1149, 1151 (10th Cir. 1995) (relying on Rule 32 to indicate the defendant must assert contradictory facts challenging the accuracy of the presentence report to successfully carry the burden of alleging factual inaccuracies); *Yates*, 22 F.3d at 989 (holding that only facts which are contested at sentencing must be established by a preponderance of
(continued...)

characterization of a prior conviction has not been relieved under *Booker*. Thus, Mr. Lizarraga-Orduno's failure at the district court level to object to facts relating to his prior conviction constitutes waiver of the issue under this court's clear precedent, and he presents little, if no, support to persuade us otherwise.

Nevertheless, even if we did not apply the waiver standard and instead applied a plain error analysis to the issue which he failed to bring to the district court's attention, Mr. Lizarraga-Orduno cannot prevail. Under the plain error test, an appellate court may correct an error not raised at trial if 1) an error occurred, 2) that is "plain," 3) which affects substantial rights, and 4) which seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997). In addressing the first criterion, it is arguable whether the district court committed any error, given it had no basis to believe the sentence for Mr. Lizarraga-Orduno's prior conviction did not exceed thirteen months, based on his repeated failure to dispute the factual representation on that point, especially when it was a determining factor on whether he received a sixteen-level enhancement. Neither

---

[4](...continued)
the evidence); *United States v. Kay*, 961 F.2d 1505, 1507 (10th Cir. 1992) (relying on Rule 32 to find defendant's failure to raise any factual inaccuracy in the presentence report constituted waiver).

can we say the district court erred by failing to *sua sponte* question such a factual representation, based again on Mr. Lizarraga-Orduno's failure to dispute such a fact. For similar reasons, we cannot say any error in the district court's determination was plain or, in other words, "clear or obvious." *Johnson*, 520 U.S. at 467.

Next, we cannot say the error, if any, affected Mr. Lizarraga-Orduno's substantial rights. In analyzing whether an error affects a defendant's substantial rights, it is his or her burden to show the error is prejudicial; *i.e.*, the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). In meeting this burden, he must show "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." *United States v. Dominguez Benitez*, 542 U.S. 74, ___, 124 S. Ct. 2333, 2339 (2004) (quotation marks and citations omitted).

As we pointed out in our prior decision, Mr. Lizarraga-Orduno has never offered any contrary evidence or made any statement to establish or clarify exactly what length of sentence he in fact received. Moreover, if he had made a timely objection to the factual representation he now disputes and put the district

court and the government on notice, it is likely the government would have submitted, or the district court required, the relevant court documents relied on in the presentence report to establish his prior conviction resulted in a thirty-seven-month sentence, thereby meeting the § 2L1.2 requisite of exceeding thirteen months. Thus, Mr. Lizarraga-Orduno has not shown his sentence would have been different; *i.e.*, not enhanced under § 2L1.2, but for the error he now claims. Under these circumstances, we cannot say the error, if any, affected Mr. Lizarraga-Orduno's substantial rights. Because he fails to meet his burden with respect to the third prong, it is unnecessary for us to address the last prong, given all four prongs must be met for successful plain error resolution. *See Olano*, 507 U.S. at 741. For these reasons, the district court did not err in making the determination Mr. Lizarraga-Orduno's sentence for his prior conviction exceeded thirteen months for the purpose of applying the § 2L1.2 enhancement.

We next consider Mr. Lizarraga-Orduno's argument the district court committed *Booker* error in mandatorily applying the Sentencing Guidelines. In so doing, we recognize the Supreme Court in *Booker* held the Guidelines are now only advisory. 543 U.S. at ___, 125 S. Ct. at 768-69. Thus, we determine whether there is a reasonable probability the district court judge would have determined a lower sentence should be imposed if he had not thought himself

bound by the mandatory Guidelines. *See United States v. Ambort*, 405 F.3d 1109, 1120 (10th Cir. 2005). We consider Mr. Lizarraga-Orduno's challenge for plain error, given he did not make a challenge to his sentence on *Booker*-type grounds to the district court. *Id.* at 1118.

The first two factors in our plain error analysis are easily resolved because the district court clearly committed an error which was plain when it sentenced Mr. Lizarraga-Orduno under a mandatory, rather than an advisory, sentencing scheme. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.) (*en banc*), *petition for cert. filed* (U.S. Sep. 6, 2005) (No. 05-6407). As previously discussed, in determining the third factor on whether the error affected substantial rights, the burden is on Mr. Lizarraga-Orduno to show the error is prejudicial; *i.e.*, the error "must have affected the outcome of the district court proceedings," and he must show "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Ambort*, 405 F.3d at 1118 (quotation marks and citations omitted). This circuit has announced a defendant can meet this burden by demonstrating a reasonable probability that, under the specific facts of the case as analyzed under the sentencing factors in 18 U.S.C. § 3553(a), the district court would reasonably impose a sentence outside the Guidelines range. *See United States v. Dazey*, 403 F.3d 1147, 1175 (10th Cir.

2005.) In *Dazey*, we explained a defendant might make such a showing "if during sentencing the district court expressed its view that the defendant's conduct, based on the record, did not warrant the minimum Guidelines sentence." *Id.*

In this case, Mr. Lizarraga-Orduno argues his sentence must be remanded pursuant to our decision in *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005), because he was sentenced at the bottom of the Guidelines range. However, unlike the situation in that case, which involved a harmless error analysis and placed the burden on the government, *id.*, it is Mr. Lizarraga-Orduno's plain error burden to show there is a reasonable probability the district court judge would have determined a lower sentence should be imposed if he had not thought himself bound by the mandatory Guidelines. *See Ambort*, 405 F.3d at 1120. In this case, the district court merely stated it could "look down this chart" which gave "some discretion" to sentence him and that it could sentence him "at the low end of what has been determined to be appropriate, which is 41 months, and that is what I will do." Under these circumstances, Mr. Lizarraga-Orduno has not shown a reasonable probability the district court would have imposed a lower sentence had it not felt constrained by the mandatory Guidelines. Nevertheless, "[w]e need not determine whether [Mr. Lizarraga-Orduno] can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth

prong to obtain relief." *Gonzalez-Huerta*, 403 F.3d at 736.

In order to satisfy the fourth prong of the plain error analysis, Mr. Lizarraga-Orduno must show failure to correct his forfeited error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 732, 736. "[W]e will not notice a non-constitutional error, such as the one in the case before us, unless it is both 'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" *Id.* at 736 (citations omitted). This demanding standard is "only [met] in those rare cases in which core notions of justice are offended." *Id.* at 739. We have determined that where a defendant receives a sentence within the national norm as established by the Guidelines, and where no further mitigating circumstances exist, the mandatory application of the Guidelines is not error. *Id.* at 738-39.

In this case, Mr. Lizarraga-Orduno received a sentence within the Guidelines range supported by the facts in his case and within the national norm. He has pointed to nothing in the record to justify a deviation from the national norm, to show core notions of justice were offended by the sentence imposed, to establish the district court's dissatisfaction with the sentence, or to otherwise suggest mitigating circumstances warrant a lesser sentence. While Mr. Lizarraga-

Orduno points out the district court expressed sympathy by acknowledging the "sad situation" involving the Mexican economy and family ties which bring deportees back to this country, we have held that sympathy toward a defendant's circumstances does not by itself demonstrate "the sentence implicates the kind of fundamental fairness issues necessary to satisfy the fourth plain-error prong." *United States v. Sierra-Castillo*, 405 F.3d 932, 942 (10th Cir. 2005). Thus, Mr. Lizarraga-Orduno has failed to meet his burden with respect to the fourth prong of the plain error analysis.

## III.  Conclusion

For the reasons set forth above, we **REINSTATE** our prior Order and Judgment and **AFFIRM** Mr. Lizarraga-Orduno's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge