**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL HEREDIA-CRUZ,

Defendant-Appellant.

No. 02-2009

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. C. No. CR-00-1138-LH)**

---

David C. Iglesias, United States Attorney, Norman Cairns, Assistant United States Attorney, Office of the United States Attorney, Albuquerque, NM, for Plaintiff-Appellee.

Joe M. Romero, Jr., Albuquerque, New Mexico, for Defendant-Appellant.

---

Before **O'BRIEN** and **HOLLOWAY** , Circuit Judges, and **LUNGSTRUM** , District Judge. *

---

**JOHN W. LUNGSTRUM** , District Judge.

---

* The Honorable John W. Lungstrum, United States District Judge for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this court determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, on February 11, 2003, this court ordered the case submitted without oral argument.

Defendant-Appellant Manuel Heredia-Cruz appeals from his sentence after a jury convicted him of illegally re-entering the country after previously being convicted of an aggravated felony in violation of 8 U.S.C. §§1326(a)(1) and (2) and 8 U.S.C. §1324. On appeal, Mr. Heredia-Cruz raises three issues. First, he contends that the district court erred by failing to reduce his total offense level by one level pursuant to USSG § 3E1.1(b)(1). Second, he argues that the district court erred in denying his motions for downward departure. Finally, he believes that his sentence violates the *Ex Post Facto* Clause of the United States Constitution. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

In 1987, Mr. Heredia-Cruz was convicted of alien smuggling and the government subsequently deported him on October 31, 1990. He illegally re-entered the country at some point in 1991. On April 5, 2000, United States Border Patrol agents arrested Mr. Heredia-Cruz in Las Cruces, New Mexico. After originally denying that he was in the country illegally, he told the agents

that he was a Mexican national who had unlawfully re-entered the United States after being deported for a felony conviction.

Prior to indictment, the government extended its standard plea offer to Mr. Heredia-Cruz under Fed. R. Crim. P. 11(e)(1)(C), for a stipulated offense level of 17. On the advice of his first attorney, [1] Mr. Heredia-Cruz indicated that he would accept the offer. The trial court scheduled a plea hearing on June 13, 2000, during which Mr. Heredia-Cruz requested a continuance. The trial court rescheduled the hearing for July 25, 2000. During that hearing, Mr. Heredia-Cruz informed the court that he did not wish to plead guilty, believing that it would jeopardize his legal challenges on appeal. Shortly thereafter, Mr. Heredia-Cruz's counsel withdrew and a second attorney was appointed to represent him.

On August 17, 2000, the grand jury indicted Mr. Heredia-Cruz on one count of illegally re-entering the country after previously being convicted of an aggravated felony in violation 8 U.S.C. §§1326(a)(1) and (2) and 8 U.S.C. §1324. After the indictment, Mr. Heredia-Cruz's second trial counsel negotiated and secured the same plea agreement that the government had previously offered. The defendant again accepted the offer, and the trial court scheduled a plea hearing

---

[1] The trial court permitted Mr. Heredia-Cruz's first trial counsel, Peter Giovannini, to withdraw and appointed Matthew Bradburn as defense counsel. Mr. Bradburn represented Mr. Heredia-Cruz at trial. The court replaced Mr. Bradburn with Joe Romero, Jr. after Mr. Heredia-Cruz moved for a new trial on the grounds of ineffective assistance of trial counsel.

for October 4, 2000. During that hearing, Mr. Heredia-Cruz told the court that he wanted to proceed to trial.

The court impaneled a jury on October10, 2000, and the trial commenced the following morning. At trial, Mr. Heredia-Cruz presented no direct evidence, but his counsel challenged the sufficiency of the government's evidence on cross-examination, moved for a judgment of acquittal at the close of the government's evidence, and argued at closing that the government had failed to carry its burden of proof. On October 11, 2000, the jury found Mr. Heredia-Cruz guilty of the charged offense.

The United States Probation Office prepared a Presentence Report ("PSR"), which found Mr. Heredia-Cruz had a total offense level of 24 under the 2000 edition of the Guidelines Manual. Mr. Heredia-Cruz objected to the original PSR because it did not include a two-level decrease for acceptance of responsibility under USSG § 3E1.1(a). Mr. Heredia-Cruz did not object to the PSR for failing to include an additional one-level decrease for timely providing complete information to the government concerning his own involvement in the offense, under § 3E1.1(b)(1). After reviewing Mr. Heredia-Cruz's objection, the probation officer concurred that the defendant had continually admitted that he was in the country illegally and therefore, the two-level reduction was proper.

Before sentencing, Mr. Heredia-Cruz filed two motions for a downward departure. In his first motion, Mr. Heredia-Cruz argued that the court should depart under § 5K2.0 because of his cultural assimilation and familial ties. [2] In a supplement to the motion, he also argued that the departure was justified because he received ineffective assistance from his trial counsel. In his second motion for a downward departure, he contested the 16-level enhancement based on *ex post facto* concerns.

At the sentencing hearing, the trial court recognized its discretion to depart, but declined to grant Mr. Heredia-Cruz's motions. The trial judge's language at sentencing never unambiguously expressed a lack of authority to depart. The court further adopted the recommendations in the PSR, including the addendum recognizing his entitlement to a two-level reduction for acceptance of responsibility under § 3E1.1(a). Based on a total offense level of 22, the district court sentenced Mr. Heredia-Cruz to a 63-month term of imprisonment and three years of supervised release.

Mr. Heredia-Cruz never argued that he was entitled to an additional one-level reduction to his offense level based on the criteria set forth in § 3E1.1(b)(1). Mr. Heredia-Cruz did argue that he would have received the additional one-level

---

[2] He also argued in his motion for a downward departure that he was entitled to a two-level reduction under § 3E1.1(a) for his acceptance of responsibility. Again, he did not suggest he was entitled to an additional one-level reduction under § 3E1.1(b).

reduction but for the ineffective plea advice he received from his trial counsel. Based upon the allegedly ineffective assistance, he argued that he was entitled to a downward departure under either § 5K2.12 or § 5K2.0. In analyzing this downward departure motion, the trial judge asked the prosecutor whether she would be inclined to give Mr. Heredia-Cruz "an extra point for acceptance of responsibility under 3E1.1." The prosecutor responded that she was not so inclined. Thereafter, the trial judge denied the motion for downward departure under either §§ 5K2.0 or 5K2.12 based on a theory of ineffective assistance of trial counsel. A review of the record and the sentencing transcript in particular makes clear that Mr. Heredia-Cruz never argued that he was entitled to the additional one-level reduction under § 3E1.1(b)(1). Instead, he simply argued that he would have been entitled to that reduction had he received effective assistance from his trial counsel. In the end, Mr. Heredia-Cruz did not object to the PSR's failure to include an additional one-level reduction under § 3E1.1(b)(1), he did not argue he was entitled to the reduction at sentencing, and he did not object to the trial court's failure to grant the reduction *sua sponte*.

## II. Discussion

On appeal, Mr. Heredia-Cruz raises three issues for review. First, he argues that he was entitled to an additional one-level reduction to his total offense level under § 3E1.1(b)(1). Second, Mr. Heredia-Cruz argues that the

court erred by rejecting his motions for a downward departure. Finally, he contends that his sentence constitutes an *ex post facto* violation. The court addresses each argument in turn.

A.    One-Level Reduction Under USSG § 3E1.1(b)(1)

Mr. Heredia-Cruz contends that he is entitled to an additional one-point adjustment for acceptance of responsibility under USSG § 3E1.1(b)(1). Mr. Heredia-Cruz has the burden of establishing his entitlement to this adjustment by a preponderance of the evidence. *United States v. Portillo-Valenzuela*, 20 F.3d 393, 394 (10th Cir.), cert. denied, 115 S. Ct. 227 (1994). This court "reviews the district court's legal conclusions under the Sentencing Guidelines de novo and its factual findings for clear error, affording great deference to the district court's application of the Guidelines to the facts." *United States v. Eaton*, 260 F.3d 1232, 1237 (10th Cir. 2001). In particular, we typically review the district court's factual findings regarding acceptance of responsibility under § 3E1.1 for clear error. *United States v. McCloud*, 127 F.3d 1284, 1290 (10th Cir.1997). As explained above, however, Mr. Heredia-Cruz did not object to the two-level (as opposed to a three-level) reduction proposed in the addendum to the PSR, he did not clearly raise the issue at sentencing, and he did not object to the trial court's failure to grant the one-level reduction *sua sponte*. As such, Mr. Heredia-Cruz forfeited that argument and the court must review the issue for plain error.

*United States v. Battle*, 289 F.3d 661, 669 (10th Cir. 2002) (reviewing challenge under 3E1.1(b)(1) for plain error because defendant raised the issue for the first time on appeal). "Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice." *United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir.1994).

The Sentencing Guidelines contemplate downward adjustments for a defendant's acceptance of responsibility. A defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level reduction under the Guidelines. USSG § 3E1.1(a). Mr. Heredia-Cruz received this reduction. Under certain circumstances, a defendant is entitled to another reduction of one level for acceptance of responsibility. Subsection (b)(1) provides that a defendant is entitled to the additional reduction if he or she "qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by. . .timely providing complete information to the government concerning his own involvement in the offense." USSG § 3E1.1(b)(1). Mr. Heredia-Cruz believes he is entitled to this additional reduction because the court granted him a

two-level reduction under § 3E1.1(a), his offense level was 16 or greater before that reduction, and he told law enforcement officials that he had unlawfully re-entered the country.

The district court did not commit plain error by failing to grant the additional one-level reduction *sua sponte*. Whether Mr. Heredia-Cruz is entitled to the additional reduction for acceptance of responsibility is a question of fact. *United States v. Gauvin*, 173 F.3d 798 (10th Cir. 1999) (noting that whether a defendant accepted responsibility is a fact question). Here, Mr. Heredia-Cruz admitted to law enforcement officials that he was a Mexican national and had unlawfully re-entered the United States after being convicted of a felony. At trial, however, his attorney challenged the sufficiency and validity of the government's evidence, in his cross-examination of the government's witnesses, and argued during closing that the government failed to carry its burden of proof. To resolve the inconsistency between Mr. Heredia-Cruz's pre-trial admissions and the positions he took at trial, the district court needed a factual record to determine whether he timely provided complete information to the government so as to entitle him to an additional one-level reduction under § 3E1.1(b)(1). However, Mr. Heredia-Cruz's failure to properly raise the issue before the district court precluded it from making the appropriate factual inquiries necessary to

decide that issue. Under these circumstances, the court's failure to grant an additional reduction does not rise to the level of plain error.

B.      Downward Departures

Mr. Heredia-Cruz contends that the district court erred by rejecting his motions for downward departure. We lack jurisdiction over this issue because the trial court denied the motions in an exercise of its discretion.

"[T]he court of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." *United States v. Castillo*, 140 F.3d 874, 887 (10th Cir. 1998). "Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994).

At the sentencing hearing, the trial judge explained that "in my discretion, I declined to grant a motion for downward departure under. . .5K2.0." Mr. Heredia-Cruz argues that this language does not clearly acknowledge the court's authority to grant the departure and further notes that the court questioned whether it could consider the ineffective assistance claim as a basis for departing.

- 10 -

As such, Mr. Heredia-Cruz believes that the "court's statements here are at least ambiguous regarding recognizing authority to depart for the reasons advanced by the Defendant." However, "we are no longer willing to assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994). "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). Even assuming that the judge's statements were ambiguous, which does not appear to be the case, we presume that the court was aware of its authority to depart absent unambiguous language to the contrary. As such, we have no jurisdiction to review the district court's denial of Mr. Heredia-Cruz's departure motions.

C.    *Ex Post Facto* Clause Violation

Mr. Heredia-Cruz argues that his sentence violates the *Ex Post Facto* Clause to the United States Constitution. U.S. Const. art. I, § 9, cl. 3. Specifically, he believes the trial court violated the constitution by enhancing his base offense level for a 1987 alien smuggling conviction that was not considered an "aggravated felony" at the time. Mr. Heredia-Cruz's argument is foreclosed by

*United States v. Cabrera-Sosa*, 81 F.3d 998, 1001 (10th Cir. 1996) and *United States v. Aranda-Hernandez*, 95 F.3d 977, 983 (10th Cir. 1996).

Effective November 1, 1997, the Sentencing Commission amended USSG § 2L1.2(b) by deleting the definition of "aggravated felony" and directing the user to the definition at § 1101(a)(43). USSG App. C, Amend. 562 at 411-13 (1997). That section defines "aggravated felony" to include offenses related to alien smuggling. 8 U.S.C. § 1101(a)(43)(N). Mr. Heredia-Cruz believes that the sentencing court violated the *Ex Post Facto* Clause by treating his 1987 conviction, which predated the effective date of the guideline amendment, as an aggravated felony.

The *Ex Post Facto* Clause is intended to "restrain legislatures and courts from arbitrary and vindictive action and to prevent prosecutions and punishment without fair warning." *United States v. Gerber*, 24 F.3d 93, 96 (10th Cir. 1994). "In order for a violation of the Clause to occur, a law must apply to 'events occurring before its enactment' and must 'disadvantage the offender affected by it.'" *United States v. Aranda-Hernandez*, 95 F.3d 977, 983 (10th Cir. 1996) (quoting *Gerber*, 24 F.3d at 96). This Circuit has held that the sentencing enhancement in § 2L1.2 does not unconstitutionally punish a defendant for a felony conviction that occurred before enactment § 2L1.2 or its relevant amendments because the defendant is being punished for the illegal re-entry, not

the underlying aggravated felony. *Aranda-Hernandez*, 95 F.3d at 983; *Cabrera-Sosa*, 81 F.3d at 1001. Though Mr. Heredia-Cruz was disadvantaged by the aggravated felony enhancement, the relevant event triggering the enhancement was his unlawful presence in the United States on April, 5, 2000, not his 1987 conviction for alien smuggling. At the time of his unlawful presence in the United States, the Sentencing Guidelines unambiguously contemplated that convictions for crimes related to alien smuggling would be treated as an "aggravated felony," regardless of the date of conviction. As such, the trial court did not violate the *Ex Post Facto* Clause by applying the aggravated felony enhancement in this case.

Mr. Heredia-Cruz contends that these decisions are not controlling because they predate the 1996 statutory amendment and the 1997 guideline amendment that expanded the term "aggravated felony" to include offenses relating to alien smuggling. Our holdings in *Aranda-Hernandez* and *Cabrera-Sosa* are not limited to specific Congressional or Sentencing Commission amendments. Instead, the holdings establish a framework for evaluating all *ex post facto* challenges under § 2L1.2. Thus, *Aranda-Hernandez* and *Cabrera-Sosa* are controlling and compel us to reject his argument.

Mr. Heredia-Cruz admits that he "cannot successfully challenge his conviction or sentence by resort[ing] to the *Ex Post Facto Clause*" in light of this

precedent, but believes the facts warrant a downward departure. As noted above, the trial court exercised its discretion to deny Mr. Heredia-Cruz's motion for a downward departure on these grounds and we lack jurisdiction to review that decision. Mr. Heredia-Cruz further argues that these facts justify the application of the rule of lenity. The Sentencing Commission's decision to define "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), however, makes clear that it intended felony convictions for alien smuggling to be subject to the enhancement and, therefore, "the rule of lenity has no application in this case." *United States v. Castro-Rocha*, 323 F.3d 846, 851-52 (10th Cir. 2003) (holding that rule of lenity did not apply because reference to 8 U.S.C. § 1101(a)(43) made clear that 8-level enhancement under the 2001 version of § 2L1.2(b)(1)(C) applied to state felony convictions for simple possession).

## III. Conclusion

In light of the foregoing analysis, we AFFIRM the district court's failure to grant an additional one-level reduction for acceptance of responsibility under § 3E1.1(b)(1) *sua sponte* and its decision to apply the 16-level enhancement under § 2L1.2. As to the district court's decision to deny the requested downward departures, we DISMISS the appeal.