TYMKOVICH, Circuit Judge,
concurring in part and dissenting in part.
"While I otherwise join the majority opinion, I respectfully dissent as to the remand for resentencing. In my view, Bass’s failure to object to the facts used to calculate his Guidelines range fatally undercuts his ability to demonstrate plain error under both the third and fourth prongs.
We have held, “[fjailure to object to a fact in a presentence report, or failure to object at the [sentencing] hearing, acts as an admission of fact.” United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994). Accordingly, “[u]nder the plain error standard, we will not review the district court’s factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice.” United States v. Heredia-Cruz, 328 F.3d 1283, 1288 (10th Cir.2003) (quoting United States v. Ballard, 16 F.3d 1110, 1114 (10th Cir.1994)). That the failure to object constitutes an admission (or, more properly, a waiver) is the logical corollary of our longstanding practice not to review a sentencing court’s factual determinations for plain error. See, e.g., United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir.1991) (holding failure to raise factual issue before district court constituted waiver on appeal) overruled on other grounds by Stinson v. United States, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). The reason for this rule is that “when a defendant properly raises the disputed factual issues in the district court, a record sufficient to permit adequate review is thereby developed. On the other hand, when a defendant fails to raise the issue below, we have no factual record by which to review the application of the guidelines.” Id.; see also United States v. McCully, 407 F.3d 931, 933 (8th Cir.2005) (“a fact in the PSR not specifically objected to is admitted for purposes of Booker ”).
Our precedent in this area rests on Rule 32 of the Federal Rules of Criminal Procedure. Under Fed.R.Crim.P. 32(i)(3)(A), a sentencing court “may accept any undisputed portion of the presentence report as *1209 a finding of fact.” The rule has the salutary purpose of encouraging defendants to point out any alleged factual inaccuracies in the PSR at a time when they can be resolved by the court. See Fed. R. Crim P. 32(i)(3)(B) (requiring court to resolve contested issues at sentencing). This process serves the common sense goal of encouraging the defendant to speak rather than risk an increased punishment based on inaccurate facts. The government, as always, retains the burden of proving contested facts, such as that an offense involved trafficking, that may increase the sentence. See United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir.2003).
Even if the failure to object does not constitute an “admission of fact” for Booker purposes, the reasoning supporting the objection requirement is equally applicable to constitutional Booker claims in the context of plain error. Defendants bear the burden of showing the record supports our noticing plain error. See United States v. Dowlin, 408 F.3d 647, 670 (10th Cir.2005). Where a defendant has not contested the judge-found facts on which a sentence is based, we do not have a sufficient record to evaluate the accuracy of the district court’s determination of those facts. This is precisely the concern that has in the past led the court to decline to review factual sentencing claims for plain error. See, e.g., Heredia-Cruz, 328 F.3d at 1288-89; United States v. Green, 175 F.3d 822, 837 (10th Cir.1999); Saucedo, 950 F.2d at 1518. As a result, a defendant who did not object to the sentencing court’s factual determinations has failed to establish “a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence.” See United States v. Dazey, 403 F.3d 1147, 1175 (10th Cir.2005).
Furthermore, our post-Booker jurisprudence supports application of the objection rule to plain error Booker appeals. United States, v. Trujillo-Terrazas, for example, explains that the primary reason Booker rendered the Guidelines advisory was concern over judges determining contested factual issues under mandatory Guidelines. See 405 F.3d 814, 818 (10th Cir.2005) (Booker “severed the provisions of the statute making the Guidelines mandatory, not because mandatory sentencing ranges are unconstitutional, but because allowing judges to decide contested questions of fact, pursuant to a preponderance of the evidence standard, is unconstitutional when such fact finding leads ineluctably to a higher sentence than would be warranted by the facts found by the jury or admitted by the defendant.”). Trujillo-Terrazas itself found no constitutional error because the judge in that case did not decide contested facts. Id. Similarly, in Dazey we stressed that the defendant vigorously contested the factual basis for the enhancements as a significant factor leading to a remand. See 403 F.3d at 1178.
Accordingly, the rationale supporting the objection requirement applies to Booker claims and our precedent supports application of the rule in these circumstances. Thus, it is proper to require a party to object to a factual determination made by a sentencing court before we will review the accuracy of that determination on appeal, even when the fact brought into dispute relates to a constitutional Booker claim. The majority does not follow this approach, instead concluding there is insufficient evidence in the record to support the classification of Bass’s crime as one involving trafficking despite Bass’s failure to properly object to this finding. But the reason the record does not.include an explanation for application of the trafficking Guideline is that Bass did not contest the trafficking finding despite having a strong incentive to do so.
*1210 Applying plain error analysis to the record before us, I would find Bass has not satisfied his burden. First, he failed to object to the facts that established the Guidelines range. While the majority correctly points out that the PSR did not cite evidence supporting the trafficking designation, Bass found it unobjectionable when he had every incentive to point out factual deficiencies. Second, although the court sentenced Bass at the low end of the range, there is nothing about his conduct that suggests the court would have sentenced him differently given more discretion. Finally, while the court did comment on the relative lack of discretion under the Guidelines before Booker, “it said nothing to suggest that [Bass’s] conduct merited a sentence below the prescribed range.” Dowlin, 408 F.3d at 671; cf. United States v. Clifton, 406 F.3d 1173, 1183 (10th Cir.2005) (remanding constitutional Booker error under plain error review where sentencing judge stated “if I had more discretion, I would impose a lower sentence”).
In sum, I would conclude that Bass has not satisfied either the third or fourth prong for noticing plain error.