**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON DALE CROUCHER,

Defendant - Appellant.

No. 11-3196
(D.C. No. 6:10-CR-10090-JAR-1)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant and appellant Jason Croucher pled guilty to three counts relating

to the receipt, distribution and possession of child pornography, in violation of 18

U.S.C. § 2252(a)(2) and (a)(4)(B).  He was sentenced to 210 months'

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment, after the district court denied his motion for a variance for a lower sentence. Mr. Croucher appeals his sentence, arguing it is unreasonable and that the district court erred in denying his motion for a variance. We affirm.

## BACKGROUND

Much of Mr. Croucher's brief is devoted to an explanation of his exemplary childhood and early adulthood, prior to his being arrested on the child pornography charges involved in this case. For example, Mr. Croucher finished in second place in the National Geography Bee in grade school. In high school, Mr. Croucher participated in speech, debate and the high school play for four years. He was also a student newspaper editor, staffed the student web page, was an officer in the National Honor Society, and participated in student government, the Key Club, the Art Club and the Spanish Club. Mr. Croucher was also a trainer for the track and volleyball teams. He obtained good grades while in high school and was selected to serve in Washington, D.C. as a Kansas representative in the United States Senate Youth Program.

Following graduation from high school, Mr. Croucher attended Emporia State University and received scholarships from the Hearst Foundation, the Kiwanis Club, the American Legion and the Lions Club. He achieved good grades in college.

Following college, Mr. Croucher worked for a United States Senator, as well as two state representatives and a United States' Congressman's campaign. He also served as the chairman of the Osage County Democratic Party, sat on the Osage City Council, and worked for a local newspaper.

Mr. Croucher concedes that his advisory Guidelines sentencing range under the United States Sentencing Commission, Guidelines Manual (2010) ("USSG"), was correctly calculated to be 210 to 262 months' imprisonment.[1] On May 16, 2011, he filed a motion for a sentencing variance, requesting a sentence of 105 months. The government opposed this motion. At Mr. Croucher's sentencing hearing, the district court ultimately rejected his request for a variance, making the following findings:

> This is a very difficult case. It's probably an understatement for me to even say that. Mr. Croucher was raised in a small town whereby in all accounts he flourished. He was an avid student in high school, with good grades, and in many extracurricular activities, including debate.

---

[1]As calculated by his presentence report ("PSR"), Mr. Croucher's adjusted total offense level was 40, based upon a base offense level of 22, along with the following enhancements for: (1) material involving a prepubescent minor under USSG §2G2.2(b)(2); (2) distribution for the receipt or expectation of receipt of a thing of value, but not for pecuniary gain under §2G2.2(b)(3)(B); (3) including material involving sadistic or masochistic conduct or other depictions of violence under §2G2.2(b)(4); (4) use of a computer under §2G2.2(b)(6); and (5) possession of more than 600 images under §2G2.2(b)(7)(D). Following a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 37. With his criminal history category of I, Mr. Croucher faced an advisory Guidelines range of 210 to 262 months.

> Since high school, Mr. Croucher has attended college. He's worked for the local newspaper. He was employed by two political campaigns. He was on the Osage City Council. He has been the author of a political blog here in Kansas.
>
> Mr. Croucher chose to delve into the world of child pornography. The Court understands to some extent, despite outward appearances that Mr. Croucher in his formative years had a wonderful life and was fully engaged and accepted in his school, that as a gay teen in the town of Osage City there was some oppressive effect in that.
>
> . . . .

Tr. of Sentencing Hr'g at 199-202, R. Vol. 3 at 244-47.

The district court then focused on the particulars of the crime committed by

Mr. Croucher:

> For many reasons, this is not a normal case in terms of the offense itself. If indeed there's a spectrum of child pornography, . . . this is the worst.
>
> . . . .
>
> [I]f one can measure the degree of depravity, there's no question that this case presents at the extreme of that spectrum in terms of the degree of depravity because it involved the most vulnerable children, the youngest children, toddlers, and even in one instance an 18-month-old infant. It involved videos in which children cried out in pain and registered their own abhorrence of what is the most despicable and depraved act one person can commit towards another person of that age.

Id. at 201-02. After going through the requisite statutory sentencing factors

applicable to selecting a sentence, the court concluded that in its experience, "this

particular pornography in this particular case is the worst the Court has ever been

exposed to." Id. at 210.

In addition, the court considered Mr. Croucher's statements that he was

really only interested in the men engaging in sexual abuse of children, not the

children themselves. The court discounted those statements:

> The Court does not find it credible that Mr. Croucher engaged in this because he was interested in the men who engaged in this depraved kind of sex. . . .
>
> . . . . He not only engaged in discussions about his interests in children of certain age groups and what he wanted to do with them, but to go further and suggest that he preferred it when the children exhibited pain, and talked about discarding children in dumpsters when they're done with them and that sort of thing, in the Court's mind is more indicative of something that Mr. Croucher had fantasized about.
>
> This was not a creative writing class. This was not something that the Court believes he clinically thought of just in terms of acquiring pornography. It was part of his fantasy life, just as these types of pornographic material that he procured were things that he actually wanted to observe and to have in his collection.
>
> All of this means that Mr. Croucher was sexually stimulated by this, desired this, wanted this, procured it, consumed it. The Court does not buy at all that he somehow compartmentalized this and only focused on the men.

Id. at 207-09.

The court particularly expressed its concern about the need to protect the

community:

> But the thing that concerns me is if this is apparently a progression of pushing the limits of an addiction to sex and an

-5-

addiction to child pornography, and that's all there is, and you're able to acquire the very worst of the worst as part of your game and part of what you want as your collection, then the only way that progresses beyond that, in the Court's mind, is by going out and acting on it further.

Id. at 210. The court accordingly imposed the 210-month sentence, at the bottom of the advisory Guidelines range.

As indicated, Mr. Croucher appeals his sentence, arguing that the court erred in failing to grant his request for a downward variance and arguing that his 210-month sentence is unreasonable.

**DISCUSSION**

As the government observes, Mr. Croucher makes a procedural challenge to his sentence because he argues the district court based its sentence on an erroneous finding of fact (*i.e.*, that Mr. Croucher is likely to act out sexually against children). "Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). Mr. Croucher did not raise this procedural objection before the district court, so we would ordinarily review the issue for plain error. See United States v. Steele, 603 F.3d 803, 808 (10th Cir. 2010); see also United States v. Poe, 556 F.3d 1113, 1128 (10th Cir.

2009) ("When a party fails to object contemporaneously to the district court's sentencing procedure, we review procedural reasonableness challenges for plain error.")

We will find plain error "only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007). We typically do not, however, apply plain error review to the district court's factual findings. See United States v. Heredia-Cruz, 328 F.3d 1283, 1288 (10th Cir. 2003) ("Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice.") (further quotation omitted).

There is no such egregious or obvious error here. To the contrary, the district court's decision was based on "substantial record evidence and was a reasonable inference based on that evidence." Appellee's Br. at 18. Mr. Croucher testified that his viewing of pornography had increased dramatically since he was in high school, and had graduated to viewing violent and cruel child pornography. He conceded that images of men having sex with children were "extreme" and "tremendously perverted sex." Tr. of Sentencing Hr'g at 64, R. Vol. 3 at 109. Thus, the court expressed concern that Mr. Croucher would act

-7-

upon his addiction to child pornography: "But the thing that concerns me is if this is apparently a progression of pushing the limits of an addiction to sex and an addiction to child pornography. . . . But what the Court does know is that what the Court has been told is that Mr. Croucher's conduct, by his own admission, was a progression, or a regression. . . . It was a change. It was a transition over time." Id. at 210. The district court reasonably concluded Mr. Croucher was at risk of preying on children.

Mr. Croucher also suggests his 210-month sentence is substantively unreasonable. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Huckins, 529 F.3d at 1317. Furthermore, "[b]ecause his sentence falls within (at the bottom of) the properly-calculated guidelines range, . . . it is entitled to a rebuttable presumption of reasonableness or rationality on review in this circuit." United States v. Soto, 660 F.3d 1264, 1269 (10th Cir. 2011). Mr. Croucher offers no real argument as to why his sentence is too long, or which of the § 3553(a) factors was not adequately considered. He simply argues that, aside from his pornography usage, he was a productive, involved, and outstanding person and citizen. That does not convince us that Mr. Croucher's sentence is substantively unreasonable.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court denying Mr. Croucher's request for a downward variance and imposing a 210-month sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge