FILED
United States Court of Appeals
Tenth Circuit

February 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATIAS ZAVALA-GARCIA,

Defendant - Appellant.

No. 11-1448

(D. Colorado)

(D.C. No. 1:10-CR-00557-DME-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Matias Zavala-Garcia pled guilty to an indictment charging him with illegal re-entry into the United States after deportation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to seventy-seven months' imprisonment. Arguing his sentence is procedurally and substantively unreasonable, Mr. Zavala-Garcia appeals his sentence, which we affirm.

## BACKGROUND

Between February 3, 1998, and his deportation to Mexico on March 24, 2005, Mr. Zavala-Garcia developed a lengthy criminal history, including pleading guilty to operating a vehicle without insurance; while under the age of 21, driving a vehicle with a blood alcohol count of .02-.05; carrying a concealed weapon and trespass regarding an auto with the intent to commit a crime; underage possession/consumption of alcohol; failure to display proof of insurance and driving while alcohol-impaired; failure to display proof of insurance and driving without a driver's license; and possession with intent to distribute a Scheduled II controlled substance. As indicated, he was deported to Mexico on March 24, 2005.

On October 14, 2010, personnel from the United States Department of Homeland Security discovered Mr. Zavala-Garcia at the Boulder County Justice Center in Boulder, Colorado. On that same date, he was apparently charged with knowing or reckless child abuse. Immigration officers interviewed and fingerprinted Mr. Zavala-Garcia and read him his Miranda rights. He decided at

that point to provide a sworn statement, on the basis of which immigration personnel determined that he had been previously deported following an aggravated felony conviction.

Accordingly, on June 27, 2011, as previously indicated, Mr. Zavala-Garcia pled guilty to an indictment charging him with illegal re-entry following deportation after an aggravated felony. In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual (2010) ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a total offense level of 22, which, with a criminal history category of V, yielded an advisory Guidelines sentence of seventy-seven to ninety-six months.

The PSR also stated that a factor possibly warranting a downward departure from the advisory Guidelines range is Mr. Zavala-Garcia's cultural assimilation, pursuant to Application Note 8 to USSG § 2L1. The PSR found that Mr. Zavala-Garcia satisfied a number of the Note 8 factors: he began living in the United States at age ten, and he remained in the United States until his deportation in 2005, when he was approximately twenty-two or twenty-three. His wife and two children are United States citizens, although Mr. Zavala-Garcia and his wife are currently obtaining a divorce. His mother, brother and sisters all reside in Mexico. He attended junior high school and one year of high school in the United States. He speaks and understands English, such that most of the presentence

interview was conducted in English, although an interpreter was present. Mr. Zavala-Garcia has been gainfully employed for most of the time he has lived in the United States. Finally, since returning to the United States after his 2005 deportation, he has had no other arrests or convictions except for minor or misdemeanor traffic offenses. Thus, the PSR specifically stated, Mr. Zavala-Garcia "appears to meet a number of the listed criteria and a downward departure may be warranted in this matter." PSR at ¶ 85, R. Vol. 3 at 20. Of course, the decision remained in the hands of the district court.

The PSR also initially granted Mr. Zavala-Garcia a three-point reduction for acceptance of responsibility. The government objected to granting Mr. Zavala-Garcia the third point, because Mr. Zavala-Garcia's acceptance of responsibility and guilty plea only occurred a few days prior to trial, after substantial resources had been spent to prepare for trial. The probation officer accordingly revised the PSR to grant only the two-level reduction for acceptance of responsibility.

At the sentencing hearing, the district court began by observing that there were two issues to be resolved: whether Mr. Zavala-Garcia was entitled to a three- or two-point reduction for acceptance of responsibility and whether he was entitled to a downward departure based upon cultural assimilation. The court determined that the two-point reduction was appropriate, stating: "The Court believes that it does not have the authority to grant that third point without the

Government's having made a motion for it [which it had not]. And furthermore, even if the Court did have that authority, the Court would not exercise it, given that this plea agreement came in just virtually on the eve of trial." Tr. of Sentencing Hr'g at 12, R. Vol. 2 at 14.

With respect to the cultural assimilation issue, the court ultimately denied any departure, stating its reasons as follows:

> First, in terms of the actual cultural assimilation, the Court notes that the defendant says he primarily is fluent in Spanish and there is an interpreter here today, rather than in English;
>
> Secondly, the defendant's family, that is, his mother and siblings, are back in Mexico;
>
> Third, his connection here to a spouse appears to be terminating, as he has either achieved a divorce or is in the course of doing so;
>
> Fourth, he's had only apparently limited contact with his children;
>
> Fifth, he does not have a job or a permanent job in the United States of any stability;
>
> Sixth, he has declined to give information about his jobs that could be corroborated, but it appears that he has engaged in illegal drug activity, from his conviction for drug-trafficking, and that connection to the U.S. is not a cognizable basis for staying in the United States.

Id. at 23. Accordingly, the court rejected any departure from the advisory Guideline sentence based on cultural assimilation.

Finally, the court imposed its seventy-seven month sentence, noting that it had considered all of the 18 U.S.C. § 3553(a) sentencing factors, with the following explanation:

> The Court is very troubled that in a really short period of time, you have accumulated a very significant criminal history, and the Court is most troubled that you have turned to drug-dealing. There [are] very few things that are more serious than to come into a host country and then to show your gratitude, doing your part to convict people in America to drug addiction. That shows a disregard for other people that indicates that you are not welcome in this country.
>
> . . . .
>
> But I hope that before the 77 months is over, you can start to turn your attention and your compassion to the people you have hurt and the lives that you have destroyed by participating in drugs and perhaps participating in gangs and participating in the possession of weapons and think about all of the pain that your life has caused in America.

Tr. of Sentencing Hr'g at 27-28, R. Vol. 2 at 29-30. Mr. Zavala-Garcia appeals that sentence, arguing it is procedurally and substantively unreasonable.


**DISCUSSION**

We review the reasonableness of a sentence under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). "Reasonableness review has a procedural and substantive component." United States v. Martinez, 610 F.3d 1216, 1223 (10th Cir. 2010). "Procedural reasonableness addresses whether the district court incorrectly calculated or failed

to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. Furthermore, a sentence which "falls within (at the bottom of) the properly-calculated guidelines range, . . . is entitled to a rebuttable presumption of reasonableness or rationality on review in this circuit." United States v. Soto, 660 F.3d 1264, 1269 (10th Cir. 2011).

Mr. Zavala-Garcia first makes a procedural challenge to his sentence. He claims that the court made "factual finding[s]" that he had engaged in drug trafficking after his return to the United States, as well as possessed weapons and participated in gangs. Mr. Zavala-Garcia argues those "findings" were unsupported by any evidence and were "clearly the focus of the court's sentencing decisions, both as guideline analysis and as 18 U.S.C. § 3553 considerations." Appellant's Br. at 5.

As the government points out, the record does not reveal that Mr. Zavala-Garcia objected to any findings by the district court at sentencing. Accordingly, we would ordinarily review this issue for plain error. See United States v. Steele, 603 F.3d 803, 808 (10th Cir. 2010); see also United States v. Poe, 556 F.3d 1113, 1128 (10th Cir. 2009) ("When a party fails to object contemporaneously to the

district court's sentencing procedure, we review procedural reasonableness challenges for plain error.").

We will find plain error "only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007). We typically do not, however, apply plain error review to the district court's factual findings. See United States v. Heredia-Cruz, 328 F.3d 1283, 1288 (10th Cir. 2003) ("Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice.") (further quotation omitted).

No egregious or obvious error occurred here. As the government points out, and the discussion of the sentencing hearing above indicates, the court resolved the two disputed issues at the sentencing hearing—whether Mr. Zavala-Garcia was entitled to a two- or three-level reduction for acceptance of responsibility and whether he was entitled to a downward departure based on cultural assimilation. The district court correctly applied the Guidelines in determining that Mr. Zavala-Garcia was only entitled to a two-level decrease, and Mr. Zavala-Garcia makes no serious argument to the contrary.

With regard to the cultural assimilation issue, the district court clearly applied the factors/considerations contained in Application Note 8. See n.1, supra. Moreover, in assessing the § 3553(a) factors to determine an appropriate sentence, the court did not "find" that Mr. Zavala-Garcia had trafficked in drugs since returning to the United States, nor that he had been involved in gangs or possessed weapons. Rather, the court focused on Mr. Zavala-Garcia's serious criminal history, which did, in fact, include a drug possession felony, to explain why it felt a sentence at the bottom of the advisory Guidelines range was appropriate. The court committed no procedural error, and the sentence is procedurally reasonable.

Similarly, the sentence is not substantively unreasonable. The court explained the sentence in terms of the § 3553(a) factors. Mr. Zavala-Garcia has failed to rebut the presumption of reasonableness attached to the within-Guidelines range sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-9-